### WOLF et al. v. RUDINSKY.

(Supreme Court, Appellate Division, First Department. December 17, 1909.)

LANDLORD AND TENANT (§ 198*)—COVENANTS—DISPOSSESSION—LIABILITY FOR RENT.

> A tenant deposited money with his landlord as liquidated damages in case of failure to comply with the covenants of the lease; the landlord being authorized to apply the deposit to the last two months' rent under the lease, which also declared that if the premises, or any part thereof, became vacant during the term, the landlord might re-enter and relet the premises as the tenant's agent and receive the rent, applying the same to the expense of re-entry and the payment of rent due, any balance to be retained as liquidated damages, and that on default the landlord might re-enter and repossess himself of the premises. *Held* that, the tenant having been ousted by dispossession proceedings, the covenant to pay rent did not survive the dispossession, which terminated the lease.
>
> [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 763; Dec. Dig. § 198.*]

Appeal from Trial Term, New York County.

Action by Hyman Wolf and others against Joseph Rudinsky. From a judgment dismissing the complaint, a jury having been waived, plaintiffs appeal. Reversed, and new trial granted.

Argued before INGRAHAM, CLARKE, HOUGHTON, McLAUGHLIN, and SCOTT, JJ.

Samuel I. Frankenstein, for appellants.

Max D. Steuer, for respondent.

SCOTT, J. This is an action to recover a sum of money deposited by a tenant with his landlord, and which it was stipulated should operate—

"as liquidated damages to the landlord, should the tenant fail to comply with all or any of the conditions of this agreement. Should the tenant not break the conditions of the agreement, then the said amount will be applied by the landlord to the last two months' rent of the lease."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The lease was dated June 12, 1907. The tenant failed to pay the rent which became due on September 1, 1907, whereupon the landlord collected a sum of money from the undertenants, and on September 6, 1907, began summary proceedings to recover possession of the premises, which culminated on September 18, 1907, in the issue of a warrant and the dispossession of the tenant. The tenant now sues to recover his deposit, less the amount of rent due when the warrant of dispossession was executed. He was defeated, upon the ground that his action was premature. The clauses of the lease bearing upon this question are peculiar. They read as follows:

"(8) That if the said premises, or any part thereof, shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor, and relet the said premises as the agent of the said tenant, and receive the rent thereof, applying the same, first, to the payment of such expense as he may be put to in re-entering, and then to the payment of the rent due by these presents; the balance, if any, to be retained by the landlord as liquidated damages."

"(16) * * * That, if default be made in any of the covenants herein contained, then it shall be lawful for the said landlord to re-enter the said premises, and the same to have again, repossess, and enjoy. The said tenant hereby expressly waives the service of any notice in writing of intention to re-enter, as provided for in the third section of an act entitled 'An act to abolish distress for rent and for other purposes,' passed May 13, 1846."

The privilege of the landlord to re-enter and let the premises as the agent of the tenant is expressly limited to the contingency of the premises being vacant, and there is neither allegation nor stipulation that they ever did become vacant. The condition as to the breach of the covenants, including the covenant to pay rent, is merely that the landlord may re-enter, and nothing is said about reletting as the agent of the tenant. In Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203, and like cases, the covenant which was deemed to survive eviction was one for the payment of rent, and the fulfillment of all covenants, and it was expressly agreed that, in case of the breach of any of these covenants, the landlord might re-enter and relet as the agent of the tenant.

A dispossession in summary proceedings under the statute terminates the lease, except as to the covenants and conditions which are expressly so drawn as to survive. The covenant for the payment of rent was not so drawn in the present case.

The judgment must be reversed, and a new trial granted, with costs to appellants to abide the event. All concur.

---

(64 Misc. Rep. 625.)

### In re J. CONRY & CO.

(Supreme Court, Special Term, New York County. October, 1909.)

INTOXICATING LIQUORS (§ 108*)—CANCELLATION OF LIQUOR CERTIFICATE—INTERVENTION BY OWNER OF PREMISES.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes