(93 Misc. Rep. 36)

### TEPPER v. MINSKER REALTY CO., Inc.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

LANDLORD AND TENANT ⊙—184—LEASE—RE-ENTRY AND RELETTING—LIABILITY FOR DEFICIENCY—"VACANT DURING TERM."

The tenant having occupied the premises till dispossessed by summary proceedings, which ipso facto put an end to the term, the conditions under which the lease authorized the landlord to hold the tenant for a deficiency in rent on reletting, namely, the premises becoming "vacant during said term" and the landlord re-entering and reletting as agent of the tenant, never happened, so that the landlord had no right to retain the deposit made as security for faithful performance of the lease, there being no other covenant of the lease which could survive dispossession by summary proceedings, under which damages to the landlord might accrue.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 743–750; Dec. Dig. ⊙—184.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Samuel Tepper against Minsker Realty Company, Incorporated. From a judgment for defendant, after trial without a jury, plaintiff appeals. Reversed and rendered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Nathan Bardach, of New York City, for appellant.

Breed, Abbott & Morgan, of New York City (Daniel B. Priest, of New York City, of counsel), for respondent.

PAGE, J. This is an action to recover the balance of a deposit made as security for the performance of a lease by the tenant. The lease was for five years, terminating April 1, 1919, at the monthly rental of $200. It contained a provision:

"That if the premises, or any part thereof, shall become vacant during the said term, the landlord or his representatives may re-enter the same, either

---

by force or otherwise, without being liable to prosecution therefor, and relet the said premises as the agent of the said tenant, and receive the rent thereof, applying the same, first, to the payment of such expenses as he may be put to in re-entering, and then to the payment of the rent due by these presents; the balance (if any) to be paid over to the tenant, who shall remain liable for any deficiency."

The lease also provided:

"The tenant has this day deposited with the landlord the sum of six hundred dollars as security for the faithful performance of this lease. Said security shall apply to the last three months of the term of this lease (January, February, March 31, 1919). The security and deposit paid herein shall survive any dispossess proceedings as against the tenant by the landlord herein."

The tenant entered under the lease, and defaulted in payment of the rent, and was dispossessed by summary proceedings on the 5th day of May, 1914, at which time one month's rent, of $200, was due. The plaintiff sues to recover $400, which is the deposit of $600 less the rent due at the time of dispossession. The theory of the plaintiff's case is that, the deposit having been made to secure the performance of the lease and the lease having been terminated by the summary proceeding (C. C. P. § 2253), there is no longer any reason for retention of the deposit by the landlord, and the tenant is entitled to recover it, less the damages already sustained up to the date of the termination.

It is true that, in so far as the deposit was given to secure the payment of rent as such, it could not be retained after termination of the lease by dispossession, since the tenant's liability for rent terminated with the lease. Michaels v. Fishel, 169 N. Y. 381, 62 N. E. 425; Cæsar v. Rubinson, 174 N. Y. 492, 67 N. E. 58. It is claimed on behalf of the landlord, however, that although rent as such could no longer be due, he was entitled to retain the deposit as security for any damages he might suffer by reason of tenant's breach of the lease. The only clause of the lease under which damages could accrue after re-entry of the landlord is the one quoted above, giving the landlord the right to relet the premises for the account of the tenant and hold the tenant for any deficiency of the reserved rent.

In Michaels v. Fishel, supra, it was held that a similar clause applied only to a re-entry by ejectment, and was inoperative where the lease was terminated by summary proceedings. The clause there under consideration, however, merely stated that the lessors might "re-enter and remove all persons therefrom," and the language was interpreted according to its ancient common-law meaning. Subsequently (Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203 [1904]) the Appellate Division of this department was called upon to construe a clause in a lease which provided that if default were made in payment of rent, or if the premises were vacated during the term of the lease, the landlord might "lawfully re-enter the same, either by force or otherwise," and relet the premises for the account of the tenant. It was held that this clause contemplated an entry by summary proceedings, and the right to relet the premises and charge the tenant with the deficiency survived such proceedings. The court said at page 193 of 96 App. Div., at page 206 of 89 N. Y. Supp.:

"Here the word 're-enter' in the first clause is associated with other words, which indicate that the re-entry contemplated means repossession. The words art, 're-enter the same, either by force *or otherwise*.' The association of the word 'otherwise' with the word 're-enter' sufficiently indicates that it does not mean a re-entry under one single method, as in an action of ejectment. The word 'otherwise' necessarily broadens the signification of the word 're-enter,' and prevents its limitation to the technical definition of that word."

In the present day, when entry by summary proceedings is the universal mode of entry between landlord and tenant, and ejectment in such cases almost never used, it is much more probable that the parties contemplated entry in the usual way by summary proceedings, and intended the provisions of the lease for reletting of the premises by the landlord for the tenant's account to survive such entry, though the conventional relation of landlord and tenant has been terminated, and in such cases, though rent as such could no longer be due, the tenant is still liable for damages, measured by the difference between the contract rent and the rent which the landlord is able to collect upon a reletting. Hall v. Gould, 13 N. Y. 127; Slater v. Von Chorus, 120 App. Div. 16, 104 N. Y. Supp. 996. The possible application of such a rule is recognized in Michaels v. Fishel, supra, in which the court said, at page 387 of 169 N. Y., at page 426 of 62 N. E.:

"As the effect of the statute is to cancel the 'agreement for the use of the premises,' and to annul 'the relation of landlord and tenant,' it terminates the lease, as such, the same as if it had been 'voluntarily canceled and given up' [citing cases]. It does not, however, terminate independent covenants, which are not a part of 'the agreement for the use of the premises,' although they are contained in the same instrument and are designed to furnish security to the lessors against the contingency of dispossession and its effect upon the lease proper according to the statute."

In the case at bar the lease expressly provides that:

"The security and deposit paid herein shall survive any dispossess proceedings as against the tenant by the landlord herein."

Though inartificially expressed, this clause clearly shows an intention that the deposit should be held by the landlord after dispossession as security for damages which it may have suffered by reason of the breach of the lease. The question arises, therefore: What damages has the landlord suffered, on account of the failure of the tenant to pay the rent, which can be offset against the deposit? The learned trial justice has found, to quote from his opinion, that:

"It was the intention of the parties to have the landlord retain possession of the deposit of security to meet a deficiency of rent upon a reletting after the tenant should lose possession by dispossess proceedings."

I think, within the cases above cited and quoted, that this finding would be correct, if it were not for a point obscurely raised upon the appeal, and which was apparently not called to the attention of the court below, but which nevertheless compels us to reverse this judgment, namely, that the clause of the lease which allows the landlord the right to relet the premises for the account of the tenant and to hold the tenant for any deficiency only grants such remedy "if the said premises, or any part thereof, shall become vacant during the said term." It is apparent that since the tenant here occupied the premises

until he was dispossessed by summary proceedings, and the summary proceedings ipso facto put an end to the term, the premises never became vacant "during the said term." The conditions under which the landlord might hold the tenant for a deficiency of rent upon reletting, accordingly, never happened (Wolf v. Rudinsky, 135 App. Div. 172, 119 N. Y. Supp. 1007), and there being no other covenant of the lease, which could survive dispossession by summary proceedings, under which damages to the landlord might accrue, there was no purpose for which the deposit could "survive any dispossess proceedings," as provided in the lease, except as a penalty, which the law will not allow (Feinsot v. Burstein, 161 App. Div. 651, 146 N. Y. Supp. 939, affirmed without opinion 213 N. Y. 703, 108 N. E. 1093; Michaels v. Fishel, supra; Cæsar v. Rubinson, supra).

The judgment appealed from is reversed, with $30 costs, and judgment granted for the plaintiff for $400, with interest from the 5th day of May, 1914, and appropriate costs in the court below. All concur.