### GEIZLER v. HIRSCH.

(Supreme Court, Appellate Term, First Department. December 30, 1915.)

LANDLORD AND TENANT ⬡➔190—SUMMARY PROCEEDINGS—RECOVERY OF RENT.
  Notwithstanding dispossession of a tenant by summary proceedings, rent due under the terms of the lease when the precept was issued may, by provision of Code Civ. Proc. § 2253, be recovered.
    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765–769; Dec. Dig. ⬡➔190.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Samuel Geizler against Sam Hirsch. From a judgment for plaintiff, also dismissing the counterclaim, after trial without a jury, defendant appeals. Reversed and rendered.

Argued December term, 1915, before GUY, PAGE, and PHILBIN, JJ.

Charles J. Lane, of New York City, for appellant.
Jacob W. Block, of New York City, for respondent.

PAGE, J. The plaintiff brought this action to recover $65 for rent alleged to be due from the defendant for the month of September, 1915, under a lease of certain premises in the city of New York, whereby the rent was made payable on the 1st day of each month. The defendant interposed as a defense that on the 21st day of September, 1915, he was dispossessed of the premises by summary proceedings which terminated the lease, and he claimed at the trial that no action upon the lease for rent could be maintained thereafter; the plaintiff's only remedy being an action for use and occupation up to September 21st. This was properly overruled by the learned trial justice; it being now settled by statute that the rent due under the

terms of the lease at the time the precept was issued may be recovered. C. C. P. § 2253.

The defendant interposed a counterclaim, however, which set forth that $65 was deposited with the plaintiff as security under the lease for the faithful performance of the covenants and agreements thereof, and that no part of this sum has been returned to the defendant, though duly demanded. These facts were conceded at the trial, but the counterclaim was dismissed. The plaintiff claims that he has the right to retain this deposit as security against loss of rent upon a reletting of the premises for the account of the tenant, pursuant to a clause of the lease which provides:

"That if the said premises, or any part thereof, shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, without being liable for prosecution therefor, and relet the said premises as the agent of the said tenant," etc.

In the case of Tepper v. Minsker Realty Co., Inc., 156 N. Y. Supp. 667, decided herewith, this court has held that a clause of a lease in which the same language is employed did not survive summary proceedings. For the reasons stated in the opinion in that case, and under the authorities therein cited, it follows that the plaintiff in this action is only entitled to hold the $65 deposit in payment of the $65 due for rent for the month of September, 1915, and that the deposit was a proper counterclaim and offset to the sum claimed in the complaint. The judgment should therefore have been for the defendant, with costs.

The judgment appealed from is accordingly reversed, without costs, and judgment granted for the defendant, dismissing the complaint on the merits, with costs. All concur.