Schulte Leasing Corporation, Plaintiff, *v.* L. & C. Mayers Co., Incorporated, and Others, Defendants.

First Department, June 2, 1933.

*Jerome Michael* of counsel [*Milton Handler* with him on the brief; *Jerome Eisner*, attorney], for the plaintiff.

*Clarence M. Lewis* of counsel [*Leopold K. Simon*, attorney], for the defendants.

O'Malley, J. The essential facts necessary to a decision in this submission of controversy are sufficiently set forth in the opinion of Mr. Justice Townley, save that it should be noted that the lease was terminated because of the default of the defendants in payment of rent by a final order in summary proceedings.

It seems to be conceded that, were the second clause of the first sentence in the paragraph of the lease under consideration contained in a separate paragraph, plaintiff would be entitled to judgment. It is difficult to see why, merely because it is embraced within the same paragraph as the requirement for the three days' notice, it must be deemed to be bound up with such requirement, though set off from that portion of the paragraph by a semi-colon.

In construing this lease as with any other contract, the intent of the parties must be considered. The draftsman of this particular paragraph certainly intended that the obligation on the part of the tenant to make good the amount of the rent reserved, should

survive any termination of privity of estate by the tenant's wrongful acts.

The three days' notice in writing it seems to me has no relation to the particular clause to be interpreted. That notice was a contractual method of accelerating the end of the term fixed in the lease. It was to be exercised in the landlord's option for any breach of the terms of the lease, or upon the happening of certain specified contingencies.

The second clause in the first sentence relates to the acceleration of the term by operation of law. Under the first clause of such sentence, the lease would terminate three days after the giving of the written notice and ejectment or hold-over proceedings would lie. Under the second clause of the first sentence of the paragraph, the lease would not terminate until the entry of the final order or some other adjudication of the court. There was no reason under the latter circumstances for the giving of a formal notice in writing. The proceedings themselves would be sufficient notice.

It seems to me, therefore, that the requirement with respect to the three days' notice in writing did not apply to a situation such as here presented, where the landlord terminated the lease with respect to privity of estate by summary proceedings for non-payment of rent.

Judgment, therefore, should be directed in favor of the plaintiff landlord for the amount of the monthly deficiency sued for with interest, without costs.

FINCH, P. J., and SHERMAN, J., concur; MERRELL and TOWNLEY, JJ., dissent and vote to direct judgment for defendants.

TOWNLEY, J. (dissenting). The plaintiff asks judgment against the defendants for $1,008.33, the difference between the amount which was reserved by a lease from the plaintiff to the defendants as the rent for March, 1933, of certain premises and the amount which the plaintiff actually received as rent for that month upon a reletting of the premises. The question submitted upon the agreed facts is whether the plaintiff is entitled to recover that sum from the defendants.

Plaintiff leased the premises to the individual defendants for a term commencing May 1, 1923, and ending April 30, 1935. The lease was assigned to the corporate defendant which was in possession of the demised premises on January 1, 1933. Rent for January was not paid. The premises were relet for the term ending April 30, 1935, and the monthly deficiency after reletting is $1,008.33. Plaintiff seeks to recover the deficiency in this action.

The liability of the defendants depends upon the construction of the following provision in the lease: " That if the said premises, or any part thereof, become vacant during the said term, or if the Tenant shall fail to comply with any of the terms, covenants or conditions of this lease or if proceedings in bankruptcy shall be instituted by or against the Tenant, or the Tenant shall make an assignment for the benefit of creditors, or if an execution shall issue against a Tenant and remain in force for thirty days, or if this lease shall by operation of law pass to any person other than Tenant, it shall be lawful for the Landlord to terminate this lease by three days' notice to that effect mailed to the Tenant, addressed to the demised premises, and to re-enter the said premises and remove all persons and property therefrom, or to obtain possession of the premises by summary proceedings or otherwise, and after obtaining possession thereof to alter or repair the same and to re-let the same or any part thereof for the whole or any part of the term from time to time, as he may deem best; and in the event that the Landlord shall obtain possession by re-entry, dispossess, summary proceedings or otherwise,·the Tenant hereby agrees to pay the Landlord all legal and other expenses incurred by the Landlord in obtaining possession of said premises, and also all expenses the Landlord may incur in putting said premises in good order and condition, and the commissions for re-letting the same; and the Tenant further agrees in *any of such events* to pay each month to the Landlord the difference between the amount to be paid as rent as herein reserved, and the amount of rent which shall be collected and received from the demised premises for such month, for and during the residue of the term herein provided and remaining after the taking possession by the Landlord. The Tenant hereby waives service of any notice of intention to re-enter, as provided for in Section 3 of an Act entitled ' An Act to abolish distress for rent, etc.,' passed May 13, 1846. In the event of the mailing of the three days' notice above provided for, this lease and the term herein granted shall terminate and come to an end on the third day after such mailing with the same force and effect as if said day were the end of the term herein originally demised." (Italics our own.)

The defendants contend that under the above paragraph of the lease they obligated themselves to pay the deficiency in rent only in the event that the plaintiff terminated the lease by three days' notice and thereafter re-entered or obtained possession by summary proceedings or otherwise; that they did not obligate themselves to pay the deficiency in the event that the lease was terminated in

any other way; and that since it was in fact terminated by the issuance of a warrant in summary proceedings, rather than by notice of termination, all of their obligations under the lease were likewise terminated, and they are not liable for the deficiency for which the plaintiff sues.

Liability for loss of rents after the termination of a lease exists only by the agreement of the tenant. In the absence of such agreement the responsibility of the tenant ends with the lease. There is no covenant in this lease by which the tenant agreed to continue liable after a termination of the lease by the institution of summary proceedings for the non-payment of rent. The agreement contained in paragraph fourth of this lease is plainly limited in its application to a termination upon notice after the happening of any of the events constituting a conditional limitation upon the term granted. The entire clause is contained in a single paragraph so punctuated as to leave no doubt that it related to a single subject, the rights and remedies of the landlord upon a termination by notice after default by the tenant or the happening of the condition stated therein.

The cases relied on by the plaintiff, such as *Matter of Homann* (45 F. [2d] 481); *International Publications* v. *Matchabelli* (260 N. Y. 451), are not applicable. In those cases the provisions under consideration were found in separate clauses of the lease and it was held that the limitation claimed to exist by reason of one of the provisions should not control the general provisions found in the other. We are not concerned with any such situation here. We have but a single clause plainly limited to a single subject.

An analysis of the clause shows that all references to summary proceedings are based on a clear scheme to exact the three days' notice as a condition precedent to any liability for termination of the lease either by that manner or by simple re-entry for condition broken. Each phrase in the paragraph is very carefully related to the original provision for notice. The final reiteration of the notice provision shows that beyond question the draftsman had in mind the limitation contended for by defendant.

Covenants of this kind are to be strictly construed and courts should not by strained interpretation impose on a tenant an obligation he has never assumed.

It has been held that a tenant who covenanted to pay a deficiency only in the event the premises became vacant cannot be called on to pay if evicted by the landlord. (*Chaude* v. *Shepard*, 122 N. Y. 397; *Wolf* v. *Rudinsky*, 135 App. Div. 172; *Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28.) Similarly, neither can the tenant in this case who has agreed to pay on termination of

his lease by notice be required to pay when the lease is terminated by operation of law after dispossess proceedings for non-payment of rent.

Judgment should be directed as prayed for by the defendants, without costs.

MERRELL, J., concurs.

Judgment directed in favor of the plaintiff landlord for the amount of the monthly deficiency sued for with interest, without costs. Settle order on notice.