(22 Misc. Rep. 680.)

## In re A. E. CHASMAR & CO.

(Supreme Court, Special Term, New York County. February, 1898.)

1. RECEIVER—COMPENSATION.

A corporation contracted to do the presswork of a book, taking the subscriptions as security, and agreed to deliver the books, collect subscriptions, and divide same among those entitled thereto. Prior to the completion of the work a receiver was appointed for it, who undertook the completion of the contract without objection of the parties interested. *Held*, that the receiver should be allowed expenses of completing and marketing the work, commissions on collections, counsel fees, and proportionate amount of the

expenses of an accounting, but not commissions on books not sold, all to be taken out of moneys received from collections.

**2. SAME—PROOF OF CLAIMS.**

Prior to a receiver's appointment, a corporation agreed with parties interested to deliver books published by it to subscribers, collect subscriptions, and divide same among those entitled thereto. The receiver was appointed before settlement. *Held*, that the parties interested should prove their claims, and would be entitled to share pro rata with other creditors after payment of the receiver's expenses, commissions, etc.

Petition by creditors to compel receiver of A. E. Chasmar & Co. to turn over certain moneys and property. Ordered accordingly, but receiver allowed certain expenses and commissions.

Charles Strauss, for receiver.

Ira G. Darrin and Samuel Hoff, for creditors.

DALY, J. In proceedings for the voluntary dissolution of the corporation known as "A. E. Chasmar & Co." a receiver was appointed, who found in possession of the concern certain printed sheets and plates to make up a book called "The World's Railway." The corporation had agreed to do the presswork of the book under a contract with one Winchell, who furnished the paper and plates, and assigned to the corporation as security the subscriptions he had procured for the work. Before the appointment of the receiver the corporation had assigned the contract with Winchell, and all its claims for presswork done and cash advanced thereunder, and all the said subscriptions, to another concern, known as "Molleson Bros. Company," to secure the latter for cash advanced to the full amount of the sum named. It had also agreed with two parties interested to deliver the book to subscribers, collect the subscriptions, and divide them among the parties entitled thereto. When the receiver took possession, the corporation had not completed the presswork upon the book, and this the receiver undertook to do; also to prepare an index for it, to bind it, and to deliver it to subscribers, all with the consent of the parties interested. He collected $3,668.70 from subscribers, and had on hand 1,325 unbound copies, when the parties in interest applied to the court for an order directing him to deliver the cash and books to A. E. Chasmar, whom they had appointed trustee to market the book and divide the proceeds among them. The receiver claimed to be allowed out of his said collections his expenses in completing and marketing the work, his commissions on the sum collected, and also upon the value of the books on hand, his counsel fees, and the expenses of the proceeding. The referee to whom the claim as well as the general account of the receiver were referred by the court has allowed the receiver, for the expense of completing and delivering the work to subscribers, $807.35, leaving a balance of $2,861.35, out of which he allows commissions on $3,-668.70, as well as on $1,000, the value of the unfinished books, $150 counsel fees, and one-sixth of the expenses of the proceeding, substantially the proportion which the fund in dispute bears to the whole amount chargeable to the receiver. The expense of completing the books and delivering them was undertaken by the receiver without

objection from any of the parties interested, and would have to be incurred by them in any event, as the contractor had failed to perform his contract. There is no force, therefore, in the contention that the shares of the parties interested should not be diminished by such expense. The receiver was not bound to complete that contract any more than a general assignee is required to perform the contracts of the assignor. In re Adams, 12 Daly, 454; Id., 15 Abb. N. C. 61; 1 Am. & Eng. Enc. Law, 876. It could not be assumed by the parties interested that this work would be undertaken at the expense of the general creditors, and be paid for out of the general fund. It is suggested that the general fund was benefited by being relieved from the claim for damages for nonperformance of the contract by the corporation. If such a claim for damages is provable against the estate, and it may be (People v. St. Nicholas Bank, 151 N. Y. 592, 45 N. E. 1129), it still exists, and the measure of damages is the cost of completing the work. The parties interested may prove the claim, and will be entitled to share pro rata with other creditors. They cannot collect the whole, as if it were a preferred debt, and yet this is what they are in effect seeking to do in this proceeding. As to the cost of delivering or marketing the books, that is conceded to be a proper charge, and should be allowed at the sum fixed by the referee. The items going to make up the charge are objected to by some of the parties interested and approved by others. The receiver was required to use his best judgment in handling the matter, and appears to have acted in good faith. The referee's finding on that question should not be disturbed. The allowance of the counsel fee and a proportionate part of the expenses of the accounting was proper. This expense seems to have been necessarily incurred by reason of the dispute between the parties. I do not see, however, how the receiver is entitled to any commissions upon the books which were not sold by him. They were disposed of by the parties interested at their own expense. He has no right to the proceeds, and consequently no claim for commissions. An order accordingly may be settled upon notice.

Ordered accordingly.