SAMUEL H. WOODLAND, ADMINISTRATOR, ET AL.
*vs.* EDWARD H. WISE.

*Landlord's Claim as General Creditor in Distribution of Assets of Insolvent Corporation.*

When a corporation which, as lessee of property, had agreed to pay a certain rent for a short term of years, becomes insolvent and is placed in the hands of receivers, but not dissolved, the lessor is entitled to claim as a general creditor in the distribution of the assets of the corporation for the full amount of the rent accruing after the receivership and before distribution, when he has been unable to rent the premises during that time to other parties.

*Decided January 14th, 1910.*

Appeal from Circuit Court No. 2 of Baltimore City (GORTER, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, PATTISON and URNER, JJ.

*John J. Hurst* (with whom was *George T. Mister* on the brief), for the appellant.

*John Hinkley* and *Frederick J. Singley,* for the appellee.

URNER, J., delivered the opinion of the Court.

The appellee in this case leased a banking room to the Farmers' Trust, Banking and Deposit Company of Baltimore City for a term of two years ending April 30th, 1908, at the annual rental of twenty-five hundred dollars payable in equal monthly instalments in advance. On October 9th, 1907, the Court below, at the suit of a creditor appointed

receivers for the company on the ground of its alleged and admitted insolvency. No provision was made in the order, and no action has since been taken, for the formal dissolution of the company.

At the time of the appointment of the receivers there was due and unpaid one monthly installment of rent which had become payable on October 1st, 1907, in advance under the terms of the lease. Application was promptly made by the appellee for permission to distrain for this installment, but pending an order *nisi* for that purpose it was paid by the receivers under leave of the Court. Simultaneously the receivers and the appellee entered into an agreement in writing which provided that the leased premises be surrendered by the former to the latter on or before October 31st, 1907; that certain effects of the company, which it was not then expedient to remove, should be left on the premises, subject to removal on ten days' notice with the understanding that the receivers, as such, should not be liable for any rent accruing after October 31st, and that the appellee's lien on the property not removed should be released; that neither the acceptance of the October rent from the receivers, nor the possession of the premises by the appellee should waive such claim as he might have against the estate of the lessee company for the loss in rent or otherwise, under the lease, from November 1st, 1907, to the date of the re-rental of the premises at the same rent, or the date of the expiration of the term; and that the appellee might immediately advertise the property for rent, but his efforts to that end should not be construed as a waiver of his rights against the estate under the lease.

In February, 1908, the appellee, having failed to secure a new tenant, filed his claim as a general creditor of the estate for six months' rent, amounting to twelve hundred and fifty dollars, accruing from November 1st, 1907, to April 30th, 1908. None of the assets had then been distributed. The first auditor's account was filed on June 2nd, 1908, about a month after the term created by the lease had expired. This account disallowed the appellee's claim, and he filed

exceptions to its ratification on that ground. As only a partial distribution was involved in the account it was ratified without prejudice to the appellee's right to have his exceptions heard and the proper relief granted in connection with future distributions. A second auditor's account was filed in February, 1909. It also disallowed the appellee's claim, and his exceptions were renewed. Subsequently the Court below passed an order sustaining the exceptions and directing the allowance of dividends to the appellee as a general creditor to equalize him with other claims of that class. The present appeal is from that order, and it is taken by other creditors whose dividends will be affected by the admission of the appellee's claim.

It appears from an agreed statement in the record that the receivers vacated the leased premises before October 31st, 1907, and that the appellee made all possible efforts, but without success, to re-rent the property prior to the expiration of the term.

The sole question to be considered is whether the appellee's claim as a general creditor was properly allowed.

The appointment of receivers for an insolvent corporation does not work its dissolution, in the absence of a judicial declaration to that effect; *Ordway* v. *Central National Bank,* 47 Md. 239; *Chemical Bank* v. *Deposit Co.,* 156 Ill. 528; nor does it determine the rights of any of the parties concerned. *Gaither* v. *Stockbridge,* 67 Md. 224; 23 *Amer. & Eng. Encyc. Law,* 1041.

In the present instance, therefore, the liabilities of the insolvent but undissolved corporation were not affected by the receivership, and its assets were thereby merely impressed with a trust for its creditors.

The claim here in dispute is based upon the stipulations of a lease which was in full force and effect at the inception of the receivership. The abandonment of the demised premises by the tenant and the entry and re-letting by the landlord did not relieve the former from liability for the rent under

the terms of the lease.  *Oldewurtel* v. *Wisenfeld*, 97 Md.
176.  Every installment of rent agreed to be paid was fully
matured and the amount of the claim definitely ascertained
at the time of the filing of the audits making distribution of
the estate.  To the allowance of such a claim under the cir-
cumstances of this case, we can see no valid objection.

The right of a lessor of an insolvent corporation to claim
as a general creditor against its assets in the hands of its re-
ceivers for rent maturing after the creation of the receiver-
ship was recognized in *Gaither* v. *Stockbridge, supra.*  In
that case the lessor insisted upon priority for his claim, but
after holding that the receiver was not chargeable as an as-
signee of the term, the Court, through CHIEF JUDGE ALVEY,
proceeded to say: "It follows that the appellant (lessor) has
no such claim against the proceeds of sale of the goods and
chattels sold by the receivers as entitles him to a preference
over other creditors of the tenant, and that he can only oc-
cupy the position of general creditor; or he may pursue his
remedy on the covenant in the lease against the lessee."

It was held in *People* v. *St. Nicholas Bank*, 151 N. Y.
592, that a landlord of an insolvent corporation was en-
titled to claim as a general creditor against its assets in the
hands of receivers for the difference between the rent to ac-
crue under the abandoned lease and the amount for which
the property was redemised.  In that case the original lease
was for a term of five years at a rental of twelve thousand
dollars a year.  The insolvency of the lessee occurred, and
receivers for it were appointed, three years before the expira-
tion of the term.  The lessor was entitled in this emergency,
under the terms of the lease, to re-enter the property.  This
he proceeded to do and succeeded in procuring a new tenant
at a rental of nine thousand dollars a year.  A loss of three
thousand dollars a year for the three remaining years of the
original term, or a total loss of nine thousand dollars, was
thus ascertained, and for this amount the lessor's claim as a
general creditor was filed and allowed.

The same rule was applied in *Chicago Fire Place Co.* v. *Tait,* 58 Ill. App. 293, where the receiver of an insolvent corporation refused to pay rent after his occupancy ended, and the landlord, who was unable to obtain a new tenant for part of the unexpired term, was held entitled to file a general claim against the assets for the amount of rent which at the time of the allowance would be due from the insolvent lessee under the terms of the lease.

In *Smith* v. *Goodman,* 149 Ill. 75, it was held that where a lessee makes a general assignment for the benefit of creditors, any damages resulting to the lessor from a breach of the covenants of the lease may be proved as a general claim against the estate in the hands of the assignee. There also a new tenant was secured before the expiration of the term and the claim was for the difference between the rentals to accrue under the first and second leases.

The cases cited by the appellants in support of their opposition to the appellee's claim appear to have been controlled by statutory provisions peculiar to the respective jurisdictions in which they were decided, and hence they do not aid us in applying to this claim the "principles of equity" to the benefit of which it is entitled under our law. *Clark* v. *Colton,* 91 Md. 217.

It was suggested by counsel for the appellants that if the present claim is allowable, the same rule would be applicable to outstanding contracts of employment, and that the administration of the estates of insolvent corporations would thus be seriously complicated. We see no occasion to anticipate any difficulty on that account. There is a radical difference between a demise of a leasehold estate in realty and a contract for personal service. The rent reserved under a lease is an incident of the estate and is not apportionable; *Martin* v. *Martin,* 7 Md. 368; while the compensation of an employe for a stated term is earned from day to day and is adjustable and provable to the time when the insolvency of the employer renders a continuance of the service impossible. *Miller* v. *Cosmic Cement Co.,* 109 Md. 18.

The action of the Court below in allowing the appellee's claim ratably with those of the other general creditors was proper, in our opinion, under the facts of this case, and the order to that effect will be affirmed.

*Order affirmed with costs.*