MARIE G. DARMSTADT, Respondent, *v.* KNICKERBOCKER
CHANDELIER AND ELECTRICAL SUPPLY COMPANY,
Appellant.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Lease — dispossession for nonpayment of rent — landlord cannot main-
    tain action for deficiency until end of term — landlord and tenant.
        A lease for five years from May 1, 1916, provided that if
    the tenant was dispossessed for nonpayment of rent the land-
    lord might relet the premises for the remainder of the term,
    or any portion thereof, for the account of the tenant and
    receive the rent, applying the same, first, to the payment of
    such expenses as the landlord might be put to, and then to the

---

* Received too late for insertion in proper place.—[REPR.

payment of any rent due, the balance, if any, to be repaid to the tenant who should, nevertheless, remain liable for any deficiency. The lease also provided that there should be no liability on the part of the landlord for failure to relet or failure to collect the rent in case the premises were relet. The tenant was dispossessed for nonpayment of the rent of July, 1917, and the landlord failed to relet the premises until the 1st of December, 1917. In an action to recover as damages for a breach of the lease the amount of the rent for August, September, October and November, 1917, *held,* that the action was prematurely brought, and that a judgment in favor of plaintiff will be reversed and the complaint dismissed.

The only obligation on the part of the defendant was to pay any deficiency between the amount which he had agreed to pay by the terms of the lease and the amount which the plaintiff might receive upon the reletting of the premises, and the amount of such deficiency, if any, cannot be determined until the end of the term of the lease.

APPEAL by the defendant from a judgment entered in the Municipal Court of the city of New York, borough of Manhattan, third district, in favor of plaintiff.

Archibald Palmer, for appellant.

Hugo S. Mack, for respondent.

LEHMAN, J.  The parties hereto entered into a written lease whereby the defendant agreed to pay to the plaintiff in monthly installments a stipulated rent for certain premises for a period of five years from the 1st day of May, 1916. The defendant failed to pay the rent for the month of July, 1917, and was thereupon dispossessed. The lease contained a covenant that if any rent shall be due and unpaid, or if default shall be made in any of the covenants therein contained, then it shall be lawful for the plaintiff to re-enter and resume possession of the said premises and the same

to have again, repossess and enjoy by summary proceedings, by force or otherwise, without being liable to prosecution therefor. In case of such re-entry, or in case the defendant is dispossessed by summary proceedings or other legal proceedings, the plaintiff may relet the premises for the remainder of the term or any portion thereof for the account of the defendant and receive the rent thereof, applying the same first to the payment of such expenses as the plaintiff may be put to and then to the payment of the rent due by lease provided, and the balance, if any, to be paid to the defendant, who shall nevertheless remain liable for any deficiency, but there shall be no liability on the part of the plaintiff for the failure to relet or failure to collect the rent in case such premises are relet. The plaintiff failed to relet the premises until the 1st of December, 1917, and has received no rent, and has brought this action to recover as damages for the breach of the lease the amount of the rentals which he has lost during the months of August, September, October and November. The plaintiff can certainly not recover in this action the rental which the defendant agreed to pay, because the relations of landlord and tenant were terminated by the summary proceedings and thereafter the only obligation on the part of the defendant was to pay any deficiency which might arise between the amount which the defendant had agreed to pay under this lease and the amount which the plaintiff might receive upon the reletting of the premises. The amount of this deficiency cannot be determined until the end of the term, and the defendant now claims that this action is prematurely brought. While this question is not free from doubt, it seems to me that the contention of the defendant is correct. In the case of *Matter of Hevenor,* 144 N. Y. 271, a tenant made an assignment for the benefit of his creditors and after

Appellate Term, First Department, July, 1918.   [Vol. 104.

the assignee vacated the premises the lessors relet them to different persons as they had a right to do under the terms of the lease.  Thereafter the landlords filed with the assignee a claim for the deficiency in the rent which they had received up to the date of the filing of the claim, and a further claim for rent to accrue from such date to the expiration of the lease. The Court of Appeals there held that the assignee properly rejected these claims, stating: " The appellants, in their argument, lose sight of the fact, that by their acts in re-entering the premises and re-letting them as the agents of the assignor, which they were permitted to do under the lease, they put an end to his fixed obligation under the lease and left it for the future to determine whether they would have any claim against him.  His liability was changed and thereafter could only be for a possible deficiency.  The liability, which they now assert the assignor to be under, did not, and could not, exist as of the time when the assignment was made; but arose subsequently thereto."

The defendant now claims that this decision of the Court of Appeals is a binding authority to support its views, whereas the plaintiff claims that the decision in the case of the *Matter of Hevenor* has been subsequently explained by the Court of Appeals in the case of *People* v. *St. Nicholas Bank,* 151 N. Y. 592, and that the rule finally laid down by the Court of Appeals permits a recovery under the facts proven in this case. In that case the tenant bank became insolvent, and in statutory proceedings for the dissolution of the corporation a receiver was appointed.  Shortly after his appointment he vacated the premises, whereupon the landlord re-rented the same as he might do under the lease to another tenant for the balance of the term at a rental per annum of $3,000 less than the original

rental, and thereupon presented a claim for the difference between the amount of rental reserved under the original lease and the amount reserved in the subletting to the new lessee. The court there held that the landlord had a right to file such claim and the receiver was bound to recognize it. The court in that case distinguished the *Hevenor* case on the ground that under the deed of assignment in the *Hevenor* case the assignee could pay all the debts and liabilities of the assignor then due and to grow due, but that its language did not include a liability thereafter to accrue and contingent upon after occurring events, while in the case of *People* v. *St. Nicholas Bank* the statutory receiver had larger powers and greater latitude of judgment and action, and was required to make a fair and just distribution of the property of the corporation among its fair and honest creditors. The court, however, did also point out that by the re-renting of the premises for the remainder of the term the landlord in *People* v. *St. Nicholas Bank* had made his claim definite and without any element of contingency.

It is to be noted, however, that in the opinion both of the Appellate Division and of the Court of Appeals in the *St. Nicholas Bank* case the courts recognized that a receiver of a corporation is bound to recognize not only debts which are due but debts which will become due in the future, and the courts in that case assumed that any debt of the St. Nicholas Bank for a deficiency in rent was a debt which was not due at that time. In the present case, however, if the debt was not due at the time when the action was brought the plaintiff cannot recover in this action.

In the case of *Harding* v. *Austin*, 93 App. Div. 564, the facts were entirely analogous to the facts in the case before us, but the landlord in that action asked for judgment only for the rent unpaid at the time the

summary proceedings were instituted, and the court was, therefore, not called upon to consider whether the landlord had a right to bring an action before the expiration of the term for a deficiency in rent upon a subsequent reletting. Nevertheless, the court did to some extent consider this point, and stated: " The defendant moved out of the premises on July 1, 1903, and the plaintiff, on the first of the September following, two months after the defendant had left, and one month before the expiration of the lease, relet the apartment. It is contended in behalf of the defendant that this conduct on the part of the plaintiff precludes him from maintaining any action about the lease until the .expiration of the term. This position is not tenable, so far as the rent payable in advance July 1, 1903, is concerned. This rent had become due before the plaintiff re-entered the premises and while the lease was in full force, and the right to recover the amount is in no wise affected by the plaintiff's subsequent entry under the defeasance clause. (*McCready* v. *Lindenborn,* 172 N. Y. 400, 406.) That re-entry put an end to the relation of landlord and tenant. In the case cited the defeasance clause authorized the lessor to relet the premises and required the lessee to pay any deficiency in equal monthly payments, as the amount thereof should be ascertained from month to month; and it was held by the Court of Appeals that, while under this contract no further rent as such could accrue, a separate and independent cause of action arose every month when a deficiency had been ascertained in the manner provided. There is no provision for the monthly ascertainment of any deficiency or the monthly payment thereof in the lease under consideration in the case at bar, and it would seem, therefore, that the enforcement of any right of action against the lessee for such deficiency as there might

be upon the reletting of the premises by the landlord under the defeasance clause would have to be postponed until the amount of such deficiency was ascertained at the end of the term fixed by the lease. But however this may be, the judgment, which is only for the July rent and not for any deficiency, is right and should be affirmed.''

It seems to me that although this part of the opinion of the court is only a dictum, it correctly represents the rule applicable to the present case. Under the agreement made, there were two covenants: *first,* to pay the rent for the premises; and *second,* to pay any deficiency in rent that might arise if the landlord should re-enter and relet the premises for the tenant's benefit. The agreement to pay rent created an obligation which arose every month and at the beginning of each month a cause of action accrued for the rent then payable. The obligation to pay a deficiency in the rent could, however, from its very nature, arise only when such deficiency could be ascertained, that is at the end of the term, and until then no liability existed against the defendant and no cause of action had accrued to the plaintiff.

It may perhaps be urged that since the landlord has re-rented the premises till the end of the term, as he had a right to do, for an amount less than the rental which defendant agreed to pay, he has parted with his right of possession of the premises, and that, therefore, in no event can he obtain from a new tenant any reimbursement for the loss of rentals which he had sustained while the premises were vacant and that he should, therefore, have a right to bring this action for such established loss waiving his right to claim any further deficiency. It does not seem to me that this contention can aid the plaintiff in this action. In the first place, if under the terms of the agreement the

defendant was to become liable only for a deficiency which might arise at the end of the term, no act on the part of the plaintiff can change his obligation. In the second place, in spite of the fact that the plaintiff has relet the premises, there is always a possibility that during the next four years for one reason or another such lease may be terminated and upon a third letting the landlord might receive a greatly increased rent which might wipe out the deficiency or even leave a surplus payable to the defendant. For these reasons it seems to me that judgment should be reversed and the complaint dismissed.

In view of the conclusion I have reached on this point, it becomes unnecessary for me to consider the other points raised by the tenant. Judgment should therefore be reversed, with thirty dollars costs, and complaint dismissed, with costs.

PENDLETON and FINCH, JJ., concur.

Judgment reversed, with costs.