MARY ALICE WOMBLE, ADMINISTRATRIX, v. J. C. LEIGH.

(Filed 7 March, 1928.)

1. **Landlord and Tenant—Leases—Measure of Damage in Action for Breach.**

Where the lessee of a hotel has wrongfully breached the terms of the lease, and the lessor has rightfully reëntered for the purpose of diminishing the damage thus caused, and is entitled to recover them in his action, the rule of recovery is the rental value for the unexpired term as fixed by the contract, diminished by the fair rental value in the open market.

2. **Landlord and Tenant—Leases—Instruction in Action for Breach.**

Where the lessor has rightfully reëntered the leased premises and is entitled to recover damages from the lessee in his action, an instruction that diminishes the damages to the extent the lessor, in possession and operating the same, should reasonably have received in the exercise of good business judgment, is reversible on appeal.

APPEAL by defendant from *Grady, J.,* at September Term, 1927, of LEE.

Civil action to recover damages for an alleged wrongful breach of a rental contract.

On 18 November, 1921, D. C. Lawrence, owner of the "Sanford Hotel," leased said hostelry to Gus Womble for a period of ten years at an annual rental of $4,000, payable during said term every thirty days in twelve equal installments each year. On the same day Gus Womble transferred and assigned his lease, or sublet the premises, to J. C. Leigh for the same term at an annual rental of $6,000, payable monthly in advance in twelve equal installments each year, and took from Leigh a chattel mortgage, approved by D. C. Lawrence, on the furniture and fixtures of said hotel to secure the payment of the "rent reserved in the lease from Lawrence to Womble."

The defendant entered into possession of the premises and duly performed his contract up to 20 March, 1926, when he defaulted in the payment of his rent and has paid nothing since that date. In the meantime Gus Womble died and his widow, Mary Alice Womble, duly qualified as administratrix of his estate.

After repeated offers on the part of Leigh to surrender the premises and as many refusals by Mrs. Womble to accept same, the defendant finally, on 24 June, 1926, abandoned the property, with the statement to plaintiff's counsel "that he was going to lock the door and walk out; that Mrs. Womble could do what she pleased; that she couldn't get anything out of her contract, as he was going into bankruptcy." With notice to the defendant that she would not release him from his contract,

WOMBLE *v.* LEIGH.

Mrs. Womble took possession of the premises as soon as they were aban-
doned, in order to meet the liability of the defendant and herself to the
owner, and on the same day instituted this action to recover damages
for the defendant's alleged wrongful breach of his contract.

Upon denial of liability and issues joined, but with no evidence offered
by the defendant, the jury returned the following verdict:

"1. Did the defendant lease the Sanford Hotel from Gus Womble for
the period of ten years from and after 18 November, 1921, at an annual
rental of $6,000 to be paid in monthly installments of $500 per month
in advance, as alleged in the complaint? Answer: Yes (by consent).

"2. If so, did the defendant wrongfully abandon said premises and
breach his contract of rental on 24 June, 1926, as alleged in the com-
plaint? Answer: Yes.

"3. Did the defendant fail and refuse to pay the rents for the months
of March, April, May and June, 1926, as alleged? Answer: Yes (by
consent).

"4. What amount of rents is the defendant indebted to the plaintiff
for said months of March, April, May and June, 1926? Answer: Seven-
teen hundred dollars ($1,700) (by consent).

"5. What damages is the plaintiff entitled to recover of the defendant
by reason of said breach of contract? Answer: $38,500."

After reducing the verdict as to the fifth issue from $38,500 to
$25,000, because the plaintiff had only asked for the reduced amount,
there was a judgment on the verdict for plaintiff, from which the de-
fendant appeals, assigning errors.

*Williams & Williams, Seawell & McPherson and Hoyle & Hoyle for
plaintiff.*

*Gavin & Teague, Gibbons & LeGrand and Varser, Lawrence, Proctor
& McIntyre for defendant.*

STACY, C. J. Under the principles announced in *Monger v. Lutterloh,*
*ante,* 274, in which the opinion was written with a view to the
facts of the present case also, as the two cases were argued the same day
and present identical questions, a new trial must be awarded for error
in the following instruction to the jury:

"If she is entitled to recover at all, she is entitled to recover out of
him (defendant) the present value, present lump sum of money which
would be worth $38,500, payable in monthly installments of five hun-
dred dollars per month, running from this period up to November, 1931,
that is to say, she would be entitled to a sum of money, which if paid
now in cash, would amount to $38,500, payable in monthly installments
of five hundred dollars each, and from that sum of money should be

deducted whatever amount she, herself, would realize from the use of the property by good husbandry and by the exercise of reasonable care and reasonable judgment."

This instruction erroneously states the rule for the admeasurement of damages, in that, the plaintiff is charged in diminution with only such sum as she could have realized from the use of the property by good husbandry, whereas the correct amount to be deducted from the rent reserved in the contract, when the plaintiff reënters for the benefit of the lessee and on his account, without accepting a surrender or terminating the lease, is the fair rental value of the premises for the remainder of the term. The instruction also contains an error in calculation. We cannot say that these errors were cured in the reduction of the verdict on the fifth issue.

There are other exceptions appearing on the record, but as they are not likely to arise on another hearing, we shall not consider them now.

New trial.