HUGH E. CURRAN,

*vs.*

THE SMITH-ZOLLINGER COMPANY, a corporation of the State of Delaware.

*New Castle, Dec. 7, 1931.*

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for receivers.

*Charles Warner Smith,* for Wilmington Mercantile Company.

*Ivan Culbertson,* for Wilmington Trust Company, trustee.

THE CHANCELLOR: The claimants have elected to demand damages rather than rent as it falls due.

The exceptions raise first a question of law. It is—what is the rule for measuring damages in a case where the lessee has repudiated the lease and the lessor has refused to recognize its termination? The general rule in such case is that the damages are to be measured by the difference between the rent stipulated in the lease and the fair rental value for the balance of the term. *Monger v. Lutterloh,* 195 *N. C.* 274, 142 *S. E.* 12; *Womble v. Leigh,* 195 *N. C.* 282, 142 *S. E.* 17. In *Bradbury v. Higginson,* 162 *Cal.* 602, 123 *P.* 797, 800, the rule is stated in substantially the same way as follows: "The measure of damage would be, not the total rent reserved, but the difference between the rent to accrue and the value of the remaining portion of the term." To the same effect are *Brown v. Hayes,* 92 *Wash.* 300, 159 *P.* 89; *Oldfield v. Angeles Brewing Co.,* 62 *Wash.* 260, 113 *P.* 630, 35 *L. R. A.* (*N. S.*) 426, *Ann. Cas.* 1912 *C,* 1050. Where the lessor after abandonment of the lease by a receiver of the lessee, has re-let the premises for the balance of the term at a lower rent, the damages provable against the receivership estate are measured by the difference between the rent stipulated

in the abandoned lease during the balance of the term and the rent specified in the new one as payable over the corresponding period. *In re Mullings Clothing Co.*, (*D. C.*) 252 *F.* 667; *People v. St. Nicholas Bank*, 151 *N. Y.* 592, 45 *N. E.* 1129. When the term of the abandoned lease has expired at the time the lessor's claim for damages is adjudicated and the lessor has been unable after due diligence to re-let the premises, the measure of damages is the total rent accrued. *Woodland v. Wise*, 112 *Md.* 35, 76 *A.* 502; *Clark on Receivers*, (2d *Ed.*) *p.* 604. Whether it is the duty of the landlord in case of abandonment of the lease by the lessee's receiver to exert himself to re-let the premises in order to reduce if possible the damages, as is stated to be the law in the citation from *Clark on Receivers, supra,* and also in *Re Mullings Clothing Co., supra,* it is unnecessary for me to say, because the proof in this cause shows that the landlord did in fact put forth honest efforts to re-let the premises.

The foregoing states all the principles of law that need be noticed in disposing of the pending claims. Applying those principles to the cases in hand, the results are as follows:

First, with respect to the claim of the Wilmington Mercantile Company. In its case, the term of the lease expired last March 25th. After exercising diligent efforts, it succeeded in letting the property temporarily for show window display. It received in this way $417.50 down to March 25, 1931. The rental called for from the time of the abandonment down to that date was $2,850.00. Its damages therefore are $2,537.50. Its claim in that amount will be allowed as a general one.

Second, with respect to the claim of Wilmington Trust Company, trustee. The lease from it would expire on March 25, 1933. Notwithstanding diligent efforts in that behalf, it has been unable to find a new tenant. It claims as damages the full stipulated rental of $350.00 per month from the date of abandonment throughout the entire

balance of the unexpired term, on the theory that the full rent payable under the lease, that which is yet to accrue as well as that which has already accrued since the abandonment, is the correct rule for admeasurement of the damages. This theory, however, is an erroneous one. The general rule is as hereinbefore stated, viz., the difference between the rent stipulated and the fair rental value for the balance of the term. Inasmuch as honest endeavors to rent the premises have been made without securing a tenant to date, it would hardly be just to say that the stipulated rental to date as a measure of damages should suffer reduction. *Woodland v. Wise, supra.* But from now to the end of the term, there is no assurance one way or the other upon the point of whether the landlord will be able to re-let the premises. I must assume that it would be possible for the claimant to secure a tenant at a reasonable rental for the balance of the term. Such rental is shown by the testimony to be about two hundred dollars per month. To the damages before stated as due on account of the idleness of the property until now, should be added the difference between three hundred and fifty dollars, the stipulated rental, and two hundred dollars for each month yet to ensue throughout the balance of the unexpired term, or one hundred and fifty dollars per month. The cause is at about the point where distribution will be made, and it would seem best to fix December 25th as the date which marks the end of the period for calculating the full rental and the beginning of the period for the one hundred and fifty dollars per month calculation.

There is some testimony in the record to the effect that the Wilmington Trust Company, trustee, derived some rental of temporary duration for the use of show windows for display purposes. The exact amount so received does not appear in the record. Whatever was so received should be deducted from the total damages arrived at in accordance with the foregoing. It is suggested that solicitors agree upon this amount.

Order accordingly.