I. Favel CHAVIN, Defendant Below,
Appellant,

v.

H. H. ROSIN & CO., Plaintiff Below,
Appellee.

Supreme Court of Delaware.

Oct. 10, 1968.

Harvey Porter, Wilmington, for appellant.

William J. Wier, Jr., of Connolly, Bove & Lodge, Wilmington, for appellee.

WOLCOTT, C. J., CAREY, J., and CHRISTIE, J., sitting.

WOLCOTT, Chief Justice:

This is an appeal by I. Favel Chavin from a judgment in Chancery ordering him to specifically perform the terms of a lease by the payment of six months' rent. Following the submission of the appeal on the briefs, this court raised, *sua sponte,* the question of the jurisdiction of Chancery over this cause. Lack of jurisdiction may be raised at any time on motion of the court, even though the parties, by failure to raise the question, may have waived the right. 27 Am.Jur.2d, Equity, § 18. We have since received the benefit of memoranda of counsel on the jurisdictional question.

Chavin and H. H. Rosin & Co., on May 5, 1962, entered into a lease for 1017 Park Place, Wilmington, for a term of two years. The lease provided that Chavin should have the option of renewal for an additional term of three years at an increased rental. Under the terms of the lease, the exercise of the option of renewal was to be exercised in writing three months prior to the expiration of the original term.

At the expiration of the original term, Chavin did not give written notice of his exercise of the option, but continued in possession of the premises for a period of approximately two and one-half years, and paid the increased rent called for by the lease in the event of exercise of the option. Six months before the option period was to expire, Chavin vacated and abandoned the premises.

Rosin thereupon brought suit for specific performance in Chancery prior to the expiration of the term of the renewal period. By the time decision was handed down, the option period had expired and judgment was entered in favor of Rosin in the amount of $1,050.00 plus interest, being the total due for the six months' unexpired portion of the renewal period.

The specific question now before us is the jurisdiction of the Court of Chancery to decree specific performance of a lease at the suit of the landlord.

It is, of course, axiomatic that Equity has no jurisdiction over a controversy for which there, is a complete and adequate remedy at law. Du Pont v. Du Pont, 32 Del.Ch. 413, 85 A.2d 724. It is fundamental that Equity gives its equitable remedies solely to enforce equitable rights. This is the exclusive jurisdiction of Equity. However, it may give its equitable remedies in redress of legal rights for which the legal remedy of the award of damages is inadequate or impracticable. This principle gives rise to the so-called concurrent, rather than exclusive, jurisdiction of Equity. 1 Pomeroy's Equity Jurisprudence (5th Ed.), § 217.

The right to compel the specific performance of a contract is a purely equitable remedy, and is given in substitution of the legal remedy of compensation when it is inadequate. The object of specific performance is to enforce a plaintiff's equitable rights, and to compel a defendant to specifically perform his equitable obligations. 4 Pomeroy's Equity Jurisprudence (5th Ed.), §§ 1400, 1401.

In the case at bar, the contentions are that a tenant abandoned a lease prior to the expiration of the term. Upon that event, the landlord had a cause of action against the tenant for unpaid rent. This was nothing more nor less than a claim for money which could be obtained by a suit at law. This being so, under the general principles referred to, Equity has no jurisdiction over the cause.

Counsel for Rosin argues that it would have been necessary to bring a number of suits after each month's rent fell into arrears because 25 Del.C. §§ 5301 and 5305 provide a legal remedy to recover only rent in arrears. Thus, it is sought to invoke the principle that Equity will take jurisdiction over legal causes to prevent a

multiplicity of suits. 1 Pomeroy's Equity Jurisprudence (5th Ed.), § 243.

■ We think the answer to this contention is Curran v. Smith-Zollinger Co., 18 Del.Ch. 220, 157 A. 432, in which case the Smith-Zollinger Company, a tenant under several leases, became insolvent. A receiver was appointed for it who repudiated the leases. The landlords filed claims in the receivership to ·recover the balance of the rent due. In passing upon the claims, the Chancellor held that the measure of damages on a claim based upon repudiation of a lease is the difference between the rent stipulated in the lease and the fair rental value for the balance of the term.

While, on its face, *Smith-Zollinger* may seem to be authority for Equity jurisdiction over causes for breach of lease, such is not the case. Chancery, in Delaware, has jurisdiction to appoint receivers and to determine claims against the insolvent corporation. Incidentally, it is apparent that the judgment at bar ordering the payment of six months' rent in full is violative of the measure of damages laid down in *Smith-Zollinger*.

Nor does Clough v. Cook, 10 Del. Ch. 175, 87 A. 1017, which decreed specific performance of an option to renew a lease aid the plaintiff. In this case, the complainant was the tenant who sought to exercise his option. The basis for the grant of specific performance was that a lease gave a tenant some interest in real estate, which, traditionally, has always been enforced in Equity. To the same effect is Matthes v. Wier, 10 Del.Ch. 63, 84 A. 878.

*Clough* and *Matthes* do not aid Rosin who is a landlord seeking only the recovery of money. By no stretch of the imagination can it be said that the case at bar seeks the enforcement of any interest in real estate.

This action should therefore have been dismissed for lack of jurisdiction in Chancery. However, because of the already too long delay in the ending of this controversy, we will remand the cause with instructions to dismiss for lack of jurisdiction, but with leave to the plaintiff to apply under 10 Del.C. § 1901 for transferral to the Superior Court.