COURT OF CHANCERY
OF THE

**MORGAN T. ZURN**
MASTER IN CHANCERY

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 11400

Final Report:  April 16, 2018
Date Submitted:  April 13, 2018

Ms. Robin Watkins                    *via FSX and 1st Class Mail*
22 Marble House Drive
Bear, DE 19701

Lisa Keil Cartwright, Esq.
Orlans PC
1201 N. Orange Street
Wilmington, DE 19801

Adria B. Martinelli, Esquire
State of Delaware
Department of Justice
820 N. French Street, 6th Floor
Wilmington, DE 19801

> Re:  *Watkins v. Cartwright, et al.*
>       C.A. No. 2018-0153-MTZ

Dear Counsel and Litigant:

In the context of a residential foreclosure that was litigated in Superior Court and concluded in a sheriff's sale, the homeowner has petitioned this Court for a writ of mandamus directing the Superior Court judge to reverse his denial of the homeowner's most recent motion.  In this final report, I recommend the Court dismiss this action for lack of jurisdiction.

I.      **Background**[1]

On February 15, 2016, M&T Bank filed a complaint in a *scire facias sur* mortgage action in the Superior Court against Robin Watkins ("Watkins"), alleging Watkins executed a mortgage secured by 22 Marble House Drive, Bear, Delaware, 19701 ("the Property"), then failed to pay the monthly installments when due.[2] M&T Bank was represented by Atlantic Law Group, LLC, and specifically by Lisa K. Cartwright, Esquire ("Cartwright").  Watkins filed a *pro se* motion to dismiss that complaint on April 4, 2016, arguing M&T Bank lacked standing because it failed to allege it was the holder of the note or that it was entitled to enforce the note and the mortgage.[3]  M&T Bank responded to the motion to dismiss on May 16, 2016.  Superior Court denied Watkins' motion on August 25, 2016.  Watkins answered the complaint, but then failed to appear at mediation.

On April 26, 2017, M&T Bank filed a motion for summary judgment, to which Watkins responded on May 31, 2017, and June 8, 2017.  On September 19,

---

[1] The background is drawn from the allegations of the petition and the docket of the Superior Court case at issue, of which I take judicial notice.  Del. R. Evid. 202(d)(1)(B).  I also take judicial notice of the docket in *Watkins v. Meridian Bank*, No. N15C-09-145 CEB.  In that case, Watkins sued the original mortgagee for the same mortgage at issue here, asserting the assignment and securitization of the mortgage should have satisfied her debt, and that the original mortgagee's failure to do so constituted breach of contract and slander of title, and justified declaratory relief.  Superior Court granted the mortgagee's motion to dismiss on June 8, 2016.

[2] *M&T Bank v. Watkins*, No. N16L-02-093 CLS, Compl.

[3] *Id.*, Mot. to Dismiss.

2017, Superior Court granted M&T's motion for summary judgment, concluding Watkins failed to allege any recognized defense to a *scire facias sur* mortgage action, and M&T Bank presented sufficient evidence of nonpayment, that the loan sought to be foreclosed was ineligible for loss mitigation, that M&T Bank gave Watkins proper notice, and that Watkins failed to participate in mandatory mediation.[4]

Accordingly, Superior Court issued a writ of *levari facias* to the New Castle County Sheriff on October 9, 2017. On December 6, 2017, Watkins filed a *pro se* "motion for right of subrogation" ("the Motion") asserting she was a subrogee standing in the shoes of the creditor, and seeking return of the Property.[5] Superior Court denied the Motion on December 11, 2017, on the basis that Watkins "ha[d] not raised a proper issue that may be claimed in a *scire facias sur* mortgage foreclosure action."[6] The Property was sold by sheriff's sale on December 12, 2017.

On March 7, 2018, Watkins filed her *pro se* complaint in this action, which was followed by an amended complaint on March 8, 2018. Watkins asks this Court to issue a writ of mandamus directing the Superior Court to reverse its denial of Watkins' Motion, alleging the Superior Court improperly denied her right to

---

[4] *Id.*, Order, Sept. 19, 2017.
[5] *Id.*, Mot. for Right of Subrogation.
[6] *Id.*, Order, Dec. 11, 2017.

subrogation. She maintains that M&T Bank lacked standing to foreclose on the Property. Ultimately, Watkins seeks to stop her eviction from the Property. She names as defendants Cartwright, allegedly as "substitute trustee" with M&T Bank, and the Honorable Calvin L. Scott, Jr., the Superior Court judge who denied the Motion.

On April 12, 2018, Cartwright responded by letter, asserting the Superior Court foreclosure proceedings concluded with a sheriff's sale and lacked any procedural irregularities or notice issues, and that Watkins failed to state a claim upon which relief may be granted. On April 13, 2018, Judge Scott moved to dismiss this action based on lack of jurisdiction, statutory immunity for claims based on performance of his official duties, and failure to state a claim. This is my final report.

### I. Analysis

The issue of jurisdiction may be raised at any time by the Court, even in the absence of a motion.[7] This Court has no jurisdiction over a controversy for which there is a complete and adequate remedy at law before any other court of this State.[8] When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed.[9] "The Court of Chancery is not an appellate court with

---

[7] *Chavin v. H.H. Rosin & Co.*, 246 A.2d 921, 922 (Del. 1968).
[8] *Id.*; 10 *Del. C.* § 342.
[9] Ct. Ch. R. 12(h).

respect to matters before Superior Court."[10] "It is clearly empowered to hear and adjudicate actions to quiet title to real estate, but it is not a court to which an appeal from the actions of Superior Court will lie."[11] Any attempt to vacate or challenge the validity of a sale conducted pursuant to the Rules of Superior Court must rest in Superior Court.[12]

> The remedy for attacking a judgment in the Superior Court or an execution out of that Court on the judgment lies in that Court. If there was any irregularity in the entry of the judgment or in the conduct of the Sheriff's Sale the Superior Court has (or had) the power to grant a remedy.[13]

In this case, the remedy Watkins seeks is an order compelling the Superior Court to reverse its decision on her Motion, which presumably she believes would nullify the sheriff's sale or otherwise restore the Property to her, and stop her eviction. Watkins could have sought relief from the Superior Court's order under Rule 60, or attacked the sheriff's sale by objecting to it or moving to set it aside under Superior Court Rule 69. Relief from a final Superior Court order is also available in the Delaware Supreme Court by direct appeal.[14]

---

[10] *City of Wilmington v. Wilmer*, 1997 WL 124151, at *9 (Del. Ch. Feb. 20, 1997).
[11] *Id.*
[12] *Id.*
[13] *St. Georges Liquors, Inc. v. Int'l Underwriters Inc.*, 1986 WL 4870, at *3 (Del. Ch. Apr. 15, 1986) (granting a motion to dismiss a property owner's attempt to set aside a Superior Court foreclosure and sheriff's sale based on lack of jurisdiction).
[14] Del. Const. art. 4, § 11(1)(a); 10 *Del. C.* § 148.

I will not wade into whether Watkins is too late to pursue the remedies that are or were available in Superior Court and the Delaware Supreme Court. My analysis leads to the limited conclusion that this Court does not have subject matter jurisdiction because the remedy Watkins seeks is or was available in another court.[15]

## II. Conclusion

For the reasons stated above, I recommend the Court dismiss this action because it lacks subject matter jurisdiction. This is a final report pursuant to Court of Chancery Rule 144.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery

---

[15] *See St. Georges Liquors*, 1986 WL 4870 at *3.