HARDING v. AUSTIN.

(Supreme Court, Appellate Division, Second Department. April 29, 1904.)

1. LANDLORD AND TENANT—PROVISION OF LEASE—RECOVERY OF RENT.

Where a lease contained a provision that, in case of default in any of the covenants, the landlord might resume possession, and relet the prem-ises for the remainder of the term for the account of the tenant, who should make good any deficiency, where the defendant defaulted in the payment of rent, and moved out of the premises on July 1st, and the land-lord relet the premises on September 1st, before the expiration of the term, the landlord is entitled to recover the rent for the month of July without waiting until the expiration of the term to ascertain the deficiency.

Appeal from Municipal Court, Borough of Brooklyn, First District.
Action by Simon J. Harding against Henry W. Austin. On a judg-ment in favor of plaintiff, defendant appeals. Affirmed.
Argued before HIRSCHBERG, C. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

C. E. Sutherland, for appellant.
Harrison C. Glore, for respondent.

WILLARD BARTLETT, J.   This is an action for rent.  The complaint set out the execution of a lease between the parties whereby the plaintiff rented to the defendant an apartment in the borough of Brooklyn for $324 a year, payable in equal monthly payments of $27 each, in advance, on the 1st day of each and every month during the term of the letting, which was one year from October 1, 1902.  It further alleged that on July 1, 1903, the sum of $27 became due and payable under such lease for rent from that date until the 1st of August following, and that no part of such sum had been paid.  Judgment therefor was accordingly demanded.  The answer pleaded (1) a surrender of the premises, and the acceptance of such surrender by the plaintiff, on or about July 1, 1903; (2) that, under a defeasance clause contained in the lease, no rent was due or payable unless it appeared that there was a deficiency, which could not be ascertained until the end of the term; and (3) that the defendant was induced to enter into the lease by false representations in regard to the character of the premises.  The plaintiff has recovered judgment for the $27 rent which was payable in advance, under the terms of the lease, on July 1, 1903.

The proof did not sustain either the first or third defense set up in the answer.  The only important question raised upon the trial, or presented by this appeal, relates to the effect of the sixth covenant in the lease, which reads as follows:

"That in case of default in any of the Covenants, the Landlord may resume possession of the premises, and relet the same for the remainder of the term, at the best rent that ——— can obtain for account of the Tenant, who shall make good any deficiency, and any notice in writing, of intention to re-enter, as provided for in the third section of an act entitled 'An Act to Abolish Distress for Rent, and for other purposes,' passed May 13th, 1846 [Laws 1846, p. 369, c. 274], is expressly waived."

The defendant moved out of the premises on July 1, 1903, and the plaintiff, on the 1st of the September following, two months after the defendant had left, and one month before the expiration of the lease, relet the apartment.  It is contended in behalf of the defendant that this conduct on the part of the plaintiff precludes him from maintaining any action upon the lease until the expiration of the term.  This position is not tenable, so far as the rent payable in advance July 1, 1903, is concerned.  This rent had become due before the plaintiff re-entered the premises, and while the lease was in full force, and the right to recover the amount is in no wise affected by the plaintiff's subsequent entry under the defeasance clause.  McCready v. Lindenborn, 172 N. Y. 400, 406, 65 N. E. 208.  That re-entry put an end to the relation of landlord and tenant.  In the case cited the defeasance clause authorized the lessor to relet the premises, and required the lessee to pay any deficiency in equal monthly payments, as the amount thereof should be ascertained from month to month; and it was held by the Court of Appeals that while, under this contract, no further rent, as such, could accrue, a separate and independent cause of action arose every month, when a deficiency had been ascertained in the manner provided.  There is no provision for the monthly ascertainment of any deficiency, or

the monthly payment thereof, in the lease under consideration in the case at bar; and it would seem, therefore, that the enforcement of any right of action against the lessee for such deficiency as there might be upon the reletting of the premises by the landlord under the defeasance clause would have to be postponed until the amount of such deficiency was ascertained at the end of the term fixed by the lease. But however this may be, the judgment, which is only for the July rent, and not for any deficiency, is right, and should be affirmed.

Judgment of the Municipal Court affirmed, with costs.  All concur.