MARIE G. DARMSTADT, Appellant, *v.* KNICKERBOCKER CHANDE-
LIER AND ELECTRICAL SUPPLY COMPANY, Respondent.

First Department, May 29, 1919.

**Landlord and tenant — dispossession of tenant during lease for
term of years — action to recover rent accruing between time of
re-entry and reletting of premises.**

Where a tenant of premises for a term of years covenanted to pay rent or any
deficiency therein after dispossession in case of a breach of the covenants
of the lease, and the landlord failed to relet the premises for a period of
four months after re-entry, he may maintain an action against the tenant
prior to the expiration of the term of the lease, to recover the stipulated
rent for the four months.

APPEAL by the plaintiff, Marie G. Darmstadt, from a
determination and order of the Appellate Term of the Supreme
Court in favor of the defendant, entered in the office of the
clerk of the county of New York on the 29th day of July,
1918, reversing a judgment of the Municipal Court of the
City of New York, Borough of Manhattan, Third District,
in plaintiff's favor and dismissing the complaint.

*William Kaufman* of counsel [*Hugo S. Mack,* attorney],
for the appellant.

*Archibald Palmer,* for the respondent.

PAGE, J.:

The parties hereto entered into a written lease of certain
premises for a term of five years from May 1, 1916, at a
stipulated rent payable in equal monthly installments.  The
defendant was dispossessed by summary proceedings for
failure to pay the rent due for the month of July, 1917.  The
lease contained a covenant that if any rent should be due and
unpaid, or if default should be made in any of the covenants
therein contained, then it should be lawful for the plaintiff to
re-enter and resume possession of said premises and the same
to have again, repossess and enjoy by summary proceedings,
by force or otherwise, without being liable to prosecution
therefor.  In case of such re-entry or in case the tenant were

dispossessed by summary proceedings, or other legal proceedings, the landlord might relet the premises for the remainder of the term or any portion thereof for the account of the tenant and receive the rent thereof, applying the same first to the payment of such expenses as the landlord might be put to and then to the payment of the rent due by the lease provided, and the balance, if any, to be paid to the defendant, who should nevertheless remain liable for any deficiency, but there should be no liability on the part of the landlord for failure to relet or failure to collect the rent in case such premises were relet. The plaintiff failed to relet the premises until the 1st of December, 1917, and has received no rent, and has brought this action to recover as damages for the breach of the lease the amount of the rentals for the months of August, September, October and November. The plaintiff recovered judgment. On appeal the judgment was reversed and the complaint dismissed upon the ground that the relation of landlord and tenant was terminated by the dispossess proceeding, and thereafter the only obligation on the part of the defendant was to pay any deficiency that might arise between the amount which the defendant had agreed to pay under the lease and the amount that plaintiff might receive upon the reletting of the premises; that it cannot be determined until the end of the term whether there will be a deficiency for which the defendant would be liable or a surplus for which plaintiff would have to account to the defendant; therefore, the action was prematurely brought. (104 Misc. Rep. 547.) This is in accord with the decisions of this court, and as we had supposed with those of the Court of Appeals. (See *Seidlitz* v. *Auerbach,* 186 App. Div. 7, 13; *Halpern* v. *Manhattan Ave. Theatre Corp.,* 173 id. 610; affd., 220 N. Y. 655; *Harding* v. *Austin,* 93 App. Div. 564; *Matter of Hevenor,* 144 N. Y. 271.) In *McCready* v. *Lindenborn* (172 N. Y. 400) the covenant provided for the monthly payment of damages as they should be ascertained.

In a very recent case (*Mann* v. *Munch Brewery,* 225 N. Y. 189) there was a similar covenant of continuing liability which survived dispossess proceedings and the action was brought a year before the demised term would have expired for certain monthly installments of rent. One of the

points in the briefs in the Court of Appeals was that the action was prematurely brought because plaintiff's cause of action, if any, is for a deficiency resulting after crediting proceeds of all relettings, and such deficiency cannot be determined until after the expiration of the lease. Although the court in its opinion did not discuss this point, we cannot assume that they did not consider it. The Court of Appeals reversed the order of the Appellate Division and affirmed the judgment of the trial court in favor of the plaintiff, which of course it could not have done had it considered that the action was prematurely brought. Accepting the latest decision of the Court of Appeals as controlling, we are constrained to reverse the determination of the Appellate Term and affirm the judgment of the Municipal Court, with costs to the appellant in this court and the Appellate Term.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Determination reversed and judgment of Municipal Court affirmed, with costs to appellant in this court and the Appellate Term.