HARRY KOTTLER, Respondent, *v.* NEW YORK BARGAIN HOUSE, INC., Appellant.

**Landlord and tenant — lease — assumption by assignee of sublease of all obligations thereof — lessor may enforce promise — surrender of premises and reletting at lower rental — action to recover the deficiency — objection that action was for damages and premature because brought before expiration of lease, overruled — agreement by plaintiff to accept surrender does not end term where he expressly reserved right to proceed against tenant for deficiency in rent from reletting — election of receiver in bankruptcy of tenant not to accept lease as asset did not divest bankrupt of title to estate — error to permit plaintiff to recover deficiency accruing after he surrendered his own lease — deposit as security allowed as credit on debt — objection that oral assumption of obligations was void under Statute of Frauds too late when not taken by answer or at trial.**

1. Where the plaintiff, lessee of a building, has sublet the same and the sublease has been assigned to defendant and in an action for rent there is evidence that defendant, in consideration of the

assignment, assumed the debts and liabilities and a finding, unanimously affirmed, that it expressly assumed all of the obligations of the lease, the plaintiff may enforce the promise.

2. Defendant having become bankrupt, a receiver took possession of and then vacated the premises, whereupon plaintiff, assuming to act in accordance with authority conferred by a covenant in the lease, relet the premises for a term of years at a lower rental. In this action to recover the rent reserved to the date of reletting and for the deficiency up to the time of commencing the action, a contention that the action was premature, in so far as it includes a claim for deficiency, for the reason that such a claim is in truth one for damages which cannot be known until expiration of the lease, cannot be sustained. The covenant covers a single situation. If the premises become vacant " during the term " the landlord is empowered to re-enter and relet. In so doing he is not forfeiting the lease or putting an end to its existence. The claim for a deficiency under the provisions of the covenant is, therefore, not for damages but for rent. (*Matter of Hevenor*, 144 N. Y. 271, limited.)

3. An agreement between the plaintiff and the receiver, whereby the latter agreed to surrender possession of the premises and plaintiff accepted the surrender, cannot be construed as a surrender of the estate, ·thus ending the term before the reletting was attempted, where the plaintiff expressly reserved the right to prove against the bankrupt for any deficiency in rent that might be incurred by reletting as his agent and there was a provision that nothing contained in the agreement " shall be construed in prejudice or relinquishment " of the landlord's rights against the tenant or the tenant's assignors. The election of the receiver not to accept the lease as an asset for the benefit of creditors did not divest the bankrupt's title to the estate for years, which remained where it had been before.

4. It was error, however, to permit the plaintiff to recover a deficiency accruing after he surrendered his own lease to the owner of the fee, he having no cause of action against defendant for rent so subsequently accruing.

5. A deposit as security which was to be applied to the payment of rent for the last two months of the lease if the covenants of the lease had then been fully performed should be allowed as a credit on the debt. There is no suggestion that any covenant has been broken except the one for rent, and while the plaintiff might have held the deposit as security against defaults affecting him thereafter, so long as there was a possibility that such defaults could occur, the possibility ceased when he surrendered his own lease to the owner of the fee. So far as the subleases were concerned, the effect of this surrender was equivalent to a transfer of the reversion and by a fair

reading of the covenant the parties did not contemplate that the deposit should be retained after the need for security had ended.

6. An objection that defendant's oral agreement to assume the obligations of the lease was void under the Statute of Fráuds comes too late when not presented by the answer or even upon the trial by objection to the evidence when offered.

*Kottler* v. *New York Bargain House, Inc.,* 213 App. Div. 862, modified.

(Submitted December 9, 1925; decided January 12, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered May 26, 1925, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term, a jury having been waived.

*Alfred B. Nathan* for appellant. The trial court erred in allowing any damages to plaintiff that accrued after December 14, 1923. (*McCready* v. *Lindenborn,* 172 N. Y. 400; *Hall* v. *Gould,* 13 N. Y. 127; *Salomon* v. *Gleichenhaus,* 131 N. Y. Supp. 599; *Seidlitz* v. *Auerback,* 230 N. Y. 167.) The trial court should have deducted the $1,200 deposit made by the defendant with the plaintiff from any recovery allowed to the plaintiff. (*Seidlitz* v. *Auerbach,* 230 N. Y. 167.) The plaintiff landlord re-entered under the clause in his lease allowing him so to do, and to relet the premises, holding the tenant for any difference in rents so received. This re-entry by the plaintiff ended the relation of the landlord and tenant, and no further rent as such could thereafter accrue. (*McCready* v. *Lindenborn,* 172 N. Y. 400; *Hall* v. *Gould,* 13 N. Y. 127; *Harding* v. *Austin,* 93 App. Div. 564; *Matter of Hevenor,* 144 N. Y. 271.)

*David Podell* and *Louis B. Davidson* for respondent. The court properly awarded damages that accrued after the sale on December 14, 1923. (*McKyring* v. *Bull,* 16 N. Y. 297; *Harrison* v. *Hall,* 239 N. Y. 53; *Wilbur* v. *Collin,* 4 App. Div. 417; *Linton* v. *U. F. Co.,* 124 N. Y.

533; *Commercial Exchange Bank* v. *Woodward,* 198 App. Div. 769; *Baylies* v. *Ingram,* 84 App. Div. 360.) The trial court rightfully refused to deduct the $1,200 deposit made by the defendant with the plaintiff. (*Mauro* v. *Alvino,* 90 Misc. Rep. 328; *Shenk* v. *Brewster,* 189 App. Div. 608; *Halpern* v. *Manhattan Ave. Corp.,* 173 App. Div. 610; *Blumberg* v. *Corday,* 171 App. Div. 906.) An action may be maintained by the landlord after re-entry and before the expiration of the term of the lease, to recover the stipulated rent or the amount of deficiency. (*Mann* v. *Munch Brewery Co.,* 225 N. Y. 189; *Darnstadt* v. *Knickerbocker Chandelier Co.,* 188 App. Div. 129; *Mc-Cready* v. *Lindenborn,* 172 N. Y. 400.) Assuming that the assumption agreement came within the Statute of Frauds, defendant having failed to plead it as a defense, has waived such defense. (*Matthew* v. *Matthew,* 154 N. Y. 288; *Flannigan* v. *Flannigan,* 209 App. Div. 190; *Norton* v. *Ritter,* 121 App. Div. 497; *Banta* v. *Banta,* 84 App. Div. 138; *Lasher* v. *McDermott,* 173 App. Div. 79; 219 N. Y. 534.)

Cardozo, J. The plaintiff, the lessee of a building in the city of New York, made a sublease, beginning May 1, 1920, and ending January 31, 1925, to S. Kleinman & Co., a partnership. Almost at once, S. Kleinman & Co. assigned all their assets, including the lease, to New York Bargain House, Inc., the defendant, which went into possession. There is evidence that the defendant in consideration of the assignment assumed the debts and liabilities. There is a finding, unanimously affirmed by the Appellate Division, that it " expressly assumed all the obligations " of the lease. Under the rule of *Lawrence* v. *Fox* (20 N. Y. 268) the plaintiff may enforce the promise (*Thorp* v. *Keokuk Coal Co.,* 48 N. Y. 253; *Vrooman* v. *Turner,* 69 N. Y. 280, 285).

The defendant became bankrupt on May 12, 1922, with rent for five months already in arrears. A receiver

in bankruptcy took possession, but went out a few days later. In going out, he made a written agreement with the plaintiff, which we shall have occasion to summarize hereafter. The building being vacant, the plaintiff placed upon it a sign " to let," but did not resume possession otherwise. As agent for the defendant, he relet the premises on August 15, 1922, for a term of years. The reletting was at a lower rental, and, after collections had been credited, there was a deficiency month by month.

In thus diminishing the loss, the plaintiff acted or assumed to act in accordance with authority conferred by one of the covenants of the lease. This covenant provides that " if the said premises, or any part thereof, shall become vacant during the said term, the landlord or his representatives may re-enter the same, either by force or otherwise, without being liable to prosecution therefor; and relet the said premises as the agents of the said tenants, and receive the rent thereof; applying the same, first to the payment of such expenses as they may be put to in re-entering, and then to the payment of the rent due by these presents; the balance, if any, to be paid over to the tenants, who shall remain liable for any deficiency."

Plaintiff, having thus relet, collected rent from the new tenants till December 1, 1923. On December 14, 1923, he surrendered his own lease, and the surrender was accepted. Since then the new tenants have made payment to the owner of the fee. There is no contention by either party that they should have made it to any one else.

This action is for rent at the rate reserved in the defendant's lease from June 1, 1922, to August 15, 1922, the date of the reletting, and thereafter for the monthly deficiency up to March 31, 1924, when the action was begun. The trial judge gave judgment for the full amount claimed, adding by amendment an item of rent accruing later. The item thus added was struck out by

the Appellate Division as well as an allowance for expense incurred for commissions to a broker. As so modified, the judgment was unanimously affirmed.

The defendant argues that the action, in so far as it includes a claim for a deficiency upon reletting, was premature when begun and even when decided (July 15, 1924). The claim for the deficiency, it is said, is in truth a claim for damages, and the damages, it is said, could not be known until January 31, 1925, when the lease to the defendant was to expire by its terms (citing *Harding* v. *Austin*, 93 App. Div. 564, and *Darmstadt* v. *Knickerbocker C. & El. Supply Co.*, 104 Misc. Rep. 547; reversed, 188 App. Div. 129, and distinguishing *Mann* v. *Munch Brewery*, 225 N. Y. 189). We think the claim for a deficiency under the provisions of this covenant is not for damages, but for rent. There is a distinction between a reletting by a landlord after the expiration of a term, and a reletting as agent for the tenant during the existence of the term. In the one case, the tenant, even though chargeable by force of covenant with a subsequent deficiency, is liable for damages (*Hall* v. *Gould*, 13 N. Y. 127). The term is at an end. In the other, he is liable for rent, what is received through a reletting being merely a payment on account. The term is still in being (*Underhill* v. *Collins*, 132 N. Y. 269, 272; *Jones* v. *Rushmore*, 67 N. J. L. 157; 3 Williston on Contracts, § 1403).

The covenant in this lease does not say that the tenant is to be chargeable with a deficiency after the lease shall be terminated by re-entry for condition broken (compare the covenants in *Darmstadt* v. *Knickerbocker C. & El. Supply Co.* and *Hall* v. *Gould, supra*). It covers a single situation. If the premises become vacant " during the term," the landlord is empowered to re-enter and relet (*Fleisher* v. *Friob*, 97 Misc. Rep. 343, 346, 350; affd., 177 App. Div. 921; *Wolf* v. *Rudinsky*, 135 App. Div. 172; *Chaude* v.

3

*Shepard,* 122 N. Y. 397, 402, 403). In so doing, he is not forfeiting the lease or putting an end to its existence. There is no provision that vacancy, the mere abandonment of possession, shall be the breach of a condition. He acts when so reletting as agent for the tenant, who is liable for any deficiency, and gets the benefit of any surplus. We are not to confuse a vacancy thus occasioned with a vacancy arising after the term is at an end. Premises do not become vacant " during the term " when they are made vacant because a tenant had been ejected after a forfeiture of the term. The landlord's rights in that contingency are defined in another subdivision (*Fleisher* v. *Friob, supra*). If default has been made in the performance of a covenant, he is privileged " to re-enter the said premises, and the same to have again, repossess and enjoy." The privilege goes no further. Upon re-entry for condition broken, he is without authority to relet for the account of the lessee. The lease might, of course, have made provision for a reletting even then. We take its covenants as we find them. The lessee is chargeable with a deficiency in one event only, and then the term is kept alive. As long as it remains alive, there is a liability for rent (*Underhill* v. *Collins, supra*).

Our decision in *Matter of Hevenor* (144 N. Y. 271) is pressed upon us by counsel to uphold a different ruling. The covenant in that case was ambiguous. The vacancy was described as one arising during the term, and at the same time as a vacancy existing because of non-payment of rent (p. 272). There was here the implication of a forfeiture. A vacancy could not exist because rent was overdue unless the term had been ended because of the default. The word " term," unless qualified, will commonly be taken to mean " interest " or " estate " (Black Comm., bk. 2, ch. 9, p. 144), yet the context may show that it is synonymous with " time " (*Finkelmeier* v. *Bates,* 92 N. Y. 172, 178; 1 Washburn Real Prop. [6th ed.] § 609). But aside from these differences, the *Hevenor*

case does not exact of us a ruling that the claim is one for damages.  What was said in that opinion as to the effect of a reletting was unnecessary to the decision (*cf. Gray* v. *Kaufman Dairy & Ice Cream Co.,* 9 App. Div. 115, 118; reversed, but on other grounds, in 162 N. Y. 388). The controversy was one between a landlord and an assignee for the benefit of creditors.  The landlord claimed the right to participate in the assets by reason of a deficiency of rents accruing after the assignment. In such circumstances, it was immaterial whether he proved for rent or for damages.  His claim must have been rejected whether classified one way or the other. Rent due at the date of the assignment must be paid with other debts and liabilities out of the assets of the estate.  Not so, however, of rent falling due thereafter (*Matter of Roth,* 181 Fed. Rep. 667; *Watson* v. *Merrill,* 136 Fed. Rep. 359; *Matter of Link,* 14 Daly, 148; *Deane* v. *Caldwell,* 127 Mass. 242).  Even the actual ruling in *Matter of Hevenor,* not to speak of the dicta, has been kept within narrow limits (*People* v. *St. Nicholas Bank,* 151 N. Y. 592).  The dicta have not destroyed the authority of *Underhill* v. *Collins.*

The question remains whether by force of agreement between the landlord and the bankruptcy receiver, the term had been ended before the reletting was attempted, with the result that what was done thereafter was of no effect against the tenant.  There are provisions in that agreement which read by themselves and without reference to the context would give support to that conclusion. The receiver agrees to surrender possession of the premises to the landlord, and the landlord accepts the surrender so made by the receiver.   But a surrender of " possession " is not always a surrender of a " lease " or of the " estate " thereby created (2 Tiffany Landlord & Tenant, p. 1307). A surrender of possession, if accepted, is evidence indeed from which a surrender of the estate may be inferred, yet it will not have that effect if the parties otherwise

agree (*Jones* v. *Rushmore*, 67 N. J. L. 157). We think it plain from other provisions of the agreement between the landlord and the receiver that they did otherwise agree. What they were bargaining for was a surrender of possession, and no more. The landlord expressly reserves the right to prove against the bankrupt for any deficiency in rent that may be incurred by reletting as his agent. This is coupled with a provision that nothing contained in the agreement " shall be construed in prejudice or relinquishment " of the landlord's rights against the tenant or the tenant's assignors. These provisions would be frustrated by a holding that the lease was at an end. All that the receiver did was to evidence an election that the lease was not accepted as an asset for the benefit of creditors (*Dushane* v. *Beall,* 161 U. S. 513). The election did not divest the bankrupt's title to the estate for years, which remained where it had been before. So, indeed, the defendant itself interpreted the transaction. It made an assignment of the lease a few days later, and thereby indicated its understanding that the lease was still in force. The landlord, it is true, was in possession, but not because the estate was at an end. He was in possession because the premises had become vacant, and the tenant had consented that he should have power to relet.

The defendant objects because the plaintiff has been permitted to recover a deficiency accruing after December 14, 1923, when the plaintiff surrendered his own lease to the owner of the fee. The objection points to error which modification can correct. The plaintiff after such surrender had no longer a cause of action against the defendant for rent subsequently accruing. His position was no better than it would have been if his interest or estate had been divested by assignment. The deficiency for January, February and March, 1924, $549.99, with interest, $12.74, must be deducted from the judgment.

The defendant also objects to the omission to deduct

from the recovery $1,200 deposited as security. This deposit was to be applied to the payment of rent for the last two months of the lease if the covenants of the lease had then been fully performed. If they had not been performed, it was to be applied upon account of any damages sustained. There is no suggestion that any covenant has been broken except the one for rent.

We think the deposit should be allowed as a credit on the debt. Undoubtedly, the plaintiff might have held it as security against defaults affecting him thereafter so long as there was a possibility that such defaults could occur. We think the possibility ceased when he surrendered his own lease to the owner of the fee. So far as the subleases were concerned, the effect of this surrender was equivalent to a transfer of the reversion (*Eten* v. *Luyster*, 60 N. Y. 252, 259; 2 Tiffany on Landlord & Tenant, pp. 1348, 1351). Undoubtedly by apt words, the parties might have agreed that the deposit should be retained until the expiration of the term though the landlord by assignment or otherwise had no longer an interest in the enforcement of the covenants (*Mauro* v. *Alvino*, 90 Misc. Rep. 328). Such an agreement will not readily be gathered from words of doubtful meaning. By a fair reading of this covenant, the parties did not contemplate that the deposit should be retained after the need for security had ended. There is no occasion to dwell upon the pleadings, or possible defects in them. Defects, if there were any, were waived, for the facts were proved without objection, and are established by the findings. The judgment must be reduced accordingly.

The defendant makes a point that its oral agreement to assume the obligations of the lease was void under the Statute of Frauds for the reason that by its terms it could not be performed within a year. We do not need to inquire whether the defense would have been good if seasonably urged (*Durand* v. *Curtis*, 57 N. Y. 7, 11; *Kellogg* v. *Clark*, 23 Hun, 393; *Marcy* v. *Marcy*, 9 Allen, 8;

[242 N. Y. 38]    Statement of case.    [Jan.,

*Kelley* v. *Thompson*, 175 Mass. 427). The defense of the Statute of Frauds was not presented by the answer. It was not even presented upon the trial by objection to the evidence when offered. The objection came too late when the agreement was established and the trial was at an end.

The judgment should be modified by deducting therefrom the sum of $1,762.73, and, as so modified, affirmed, without costs to either party.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Judgment accordingly.