THE HERMITAGE COMPANY, Appellant, *v.* JOSEPH LEVINE, Respondent.

First Department, December 2, 1927.

Landlord and tenant — lease — action to recover damages following breach of lease and re-entry — action may be instituted at any time although full term of lease has not expired — use by plaintiff, after re-entry, of garage which was part of premises, did not constitute election by plaintiff not to hold defendant under lease.

A lease by the plaintiff to the defendant contained a clause that upon default on the part of the defendant, the plaintiff might re-enter and relet the premises as agent for the tenant and that the tenant should remain liable for all damages which the landlord might sustain by any such breach or through such re-entry or reletting. The defendant defaulted and was dispossessed and the plaintiff re-entered and relet most of the premises. This action is to recover taxes which the defendant agreed to pay, and the difference between the rent stipu-

lated in the lease and the amount which the plaintiff has been able to obtain from reletting, plus a small profit which the plaintiff has realized from the operation of the garage. It was error for the court to direct a verdict for the defendant upon the sole ground that the plaintiff's use of a portion of the premises as a garage constituted an election on its part not to hold the defendant liable under the lease.

The clause in the lease authorizing the plaintiff to recover damages arising from the breach of the agreement or through re-entry or reletting, did not limit the plaintiff to an action to be maintained at the end of the period stipulated in the lease, but the plaintiff had the right to commence an action before the expiration of that period to recover accrued damages.

O'MALLEY, J., and DOWLING, P. J., dissent, in part, with opinion.

APPEAL by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 15th day of March, 1927.

*Albert H. Atterbury*, for the appellant.

*Meyer D. Siegel*, for the respondent.

McAvoy, J. The opinion of Mr. Justice O'MALLEY fully sets out the facts on which the plaintiff's cause is based, and we concur in his view that the trial court was not justified in directing a verdict for defendant on the ground that the landlord operated a part of the building as a garage for a short period after the tenant's dispossession from the premises and his abandonment of the automotive cars stored therein. But we find the clause allowing a reletting of the premises after such dispossession of the tenant for his account and a right of recovery of damages arising from such reletting, includes such damage as accrues through a loss of rental each month of the balance of the term, and that a cause arises at each period of payment of rental under the lease when a deficiency ensues.

It is our view, from the nature of the terms of the clause in question, that it was not intended to cover damages at the end of a long term for breach of the covenant to pay rent, but was intended to give an immediate right of action for deficiency of rentals from the amount provided in the lease, whenever that deficiency arose. This is apparent to us from the phrase " damages * * * through such entry or reletting " at the end of the clause which points to a loss of rental as " such " damages to be recovered under the lease and intended to survive eviction, abandonment or dispossession of the tenant. "Each covenant must be taken as we find it." No clause in any lease involved in any cited case sounds a contrary note.

We, therefore, conclude that the judgment should be reversed,

with costs, and judgment directed for the plaintiff for the amount demanded in the complaint, with costs.

MERRELL and FINCH, JJ., concur; DOWLING, P. J., and O'MALLEY, J., dissent.

O'MALLEY, J. (dissenting). The action is upon a written lease between plaintiff landlord and the defendant. The premises were a seven-story building. The lease was for twenty-one years and two months from August 1, 1924, at a rental of $72,000 a year for the first five years; $75,000 for the next ten; $78,000 for the next three, and $80,000 for the last three years of the term. In addition the defendant was required to pay taxes, water rates and assessments which might become liens on the property during the term of the lease.

The defendant took possession August 1, 1924, and paid the stipulated rent to and including November 1, 1924. On December first there became due as rent $6,000 for December and $7,786.24 for current taxes. Upon defendant's default in the payment of any part of these sums, summary proceedings were instituted and an order of dispossess was finally issued on December 31, 1924. This action was commenced March 16, 1926, to recover $25,529.39 as damages alleged to have been sustained from December 1, 1924, to March 1, 1926. The complaint showed that the amount sued for was ascertained by deducting from the amount of defendant's obligations under the lease the sum of $30,000 deposited by him as security, together with the rents collected by plaintiff from subtenants to March 1, 1926, and in addition profits earned by the plaintiff in the operation of a garage in a small portion of the premises during a period from January 1, 1925, to August first, the same year.

While the defendant interposed two counterclaims, both were withdrawn at the trial. As a result the defense that the action was prematurely brought was the only one pleaded affirmatively.

At the close of the case the court reserved decision and later directed a verdict for the defendant upon the sole ground that the plaintiff's use of a portion of the premises as a garage constituted an election on its part not to hold the defendant under the lease. While we think the decision was proper, the ground assigned therefor was erroneous. So far as the record before us discloses, but one-fourteenth of the entire premises was so used. Plaintiff's evidence tended to show that while the defendant was in possession he operated the basement and the first and second floors as a garage. Cars belonging to several of his tenants remained on the premises, and the plaintiff, being unable to relet immediately

such portion of the premises, in order to mitigate damages, continued to use only one-half of the first floor for garage purposes for the first eight months of the year 1925. The defendant was given credit for the profits of such portion. In these circumstances we are of opinion that it cannot be said as a matter of law that this act on the part of the plaintiff constituted a surrender and acceptance, or an election to free the defendant from his covenant to pay damages.

If the plaintiff were to relet as agent for the defendant, it was obligated to use good faith and its best endeavors so to do. If it were unable to relet, in the exercise of such best endeavors, it could permit such space to remain idle. The plaintiff in the instant circumstances did more than it was called upon to do. It not only used its best efforts to relet, a fact which was conceded upon the trial, but failing to relet under such circumstances, used the space itself at a profit to the defendant's advantage.

Moreover, the defense that plaintiff's use of the garage constituted an election not to hold the defendant to the provisions with respect to reletting, was not raised by the pleadings, nor by the contentions of counsel at the trial. No motion for a dismissal or direction was made on such ground.

There remains the question whether the action was premature. This depends upon the construction of a clause in the lease which reads: " 1. To pay the rent as herein specified. If any rent shall be due and unpaid, or if the tenant shall make default in any of the covenants herein contained, it shall be lawful for the landlord to re-enter the said premises by force or process of law or otherwise, and the same to have again, repossess and enjoy. In case the tenant shall be dispossessed or ejected, or shall remove from or abandon the demised premises after a demand for the rent or the service of a notice as provided by Section 1410 of the Civil Practice Act, or after the commencement of dispossess proceedings, or for any other reason, the landlord may reenter the said premises by force or process of law or otherwise, and re-let the same as agent for the tenant, and the tenant shall remain liable for all damages which the landlord may sustain by any such breach of this agreement, or through such entry or re-letting."

Under the language of the covenant quoted it is to be observed that in case the defendant was dispossessed, the plaintiff might re-enter and relet the premises as agent for the defendant and the defendant was to " remain liable for all damages " which the plaintiff might sustain by such entry or reletting.

It is urged by the defendant that under this clause the right to sue for damages will not accrue until the time set in the lease for

the expiration of the term. Plaintiff, on the other hand, contends that it may bring its action at any time that some damages are ascertainable. Unquestionably if the covenant in question is one whereby the obligation to pay rent survives the termination of the lease, the plaintiff's position is sound. (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28; *Mann* v. *Munch Brewery*, 225 id. 189.) On the other hand, if the covenant is a provision for damages strictly as such, the action may not now be maintained.

While there may be now some doubt with respect to the principle last stated (*Darmstadt* v. *Knickerbocker Chandelier & El. S. Co.*, 188 App. Div. 129) its soundness was at least impliedly recognized in *Kottler* v. *New York Bargain House, Inc.* (*supra*, 33). There the court adverted to a like claim made in such a case. It did not disapprove of the principle asserted, but distinguished the case before it on the facts. It held that the covenant there under consideration was not for damages, but for rent. If the distinction in law was not sound, such distinction, it seems to me, would have been disapproved. Moreover, it was there said that there is a distinction between a reletting by a landlord after the expiration of the term and a reletting during the existence of the term. In the first case the tenant " is liable for damages (*Hall* v. *Gould*, 13 N. Y. 127). The term is at an end."

I am of opinion that the covenant here under consideration is one for damages. (*McCready* v. *Lindenborn*, 172 N. Y. 400.) The covenant itself mentions only " damages." It contains no provision to the effect that the obligation to pay rent should survive the term; nor does it provide that the tenant was to be liable for any deficiency resulting from a reletting. Neither does it provide that any surplus from a reletting was to be payable to the tenant.

These enumerated provisions not found in the covenant under consideration, were contained in the leases considered in such cases as *Mann* v. *Munch Brewery* (*supra*); *Kottler* v. *New York Bargain House, Inc.* (*supra*), and *Darmstadt* v. *Knickerbocker Chandelier & El. S. Co.* (*supra*).

In *McCready* v. *Lindenborn* (*supra*) the lease provided for the monthly computation of such damages and it was said: " By the express contract of the parties a separate and independent cause of action arose under this covenant every month when there was a deficiency ascertained in the manner provided " (p. 407). But in the case before us the parties did not contract for the monthly computation of damages. The defendant covenanted only to pay the damages. Such could not be ascertained until the time set in the lease for the expiration of the term.

It follows, therefore, that the action is premature and the judgment below should be affirmed, with costs, without prejudice.

DOWLING, P. J., concurs.

Judgment reversed, with costs, and judgment directed to be entered in favor of the plaintiff as demanded in the complaint, with costs. Settle order on notice.