CITY BANK FARMERS TRUST COMPANY and Another, as Trustees under the Last Will and Testament of FRANCIS G. LLOYD, Deceased, Plaintiffs, *v.* 7 EAST 44TH STREET CORPORATION, Defendant.

Supreme Court, Additional Special Term, New York County, March 11, 1938.

*Gifford, Woody, Carter & Hays* [*Herbert P. Carter* of counsel], for the plaintiffs.

*Harold Green*, for the defendant.

CHURCH, J. This is an action for a declaratory judgment. The plaintiffs are the owners of the fee of premises 7–9–11 East Forty-fourth street, borough of Manhattan, which premises are improved with an eighteen-story office building. The defendant is the tenant under a ground lease. On October 1, 1936, the defendant defaulted in paying the rent due on the ground lease in the sum of $4,166.67 for the then current month, and has since been in default. To secure the plaintiffs for rent arrears, the defendant on or about December 8, 1936, executed to the plaintiffs an assignment of rents, and the plaintiffs have been acting under such assignment since its execution.

On June 15, 1936, one of the subtenants on the premises, Hale Desk Company, went into bankruptcy. On August 4, 1936, defendant filed a claim in bankruptcy for $2,916.67 for unpaid rent for the month of July, 1936, and for damage for breach of lease in the sum of $35,000. The lease with the Hale Desk Company was disaffirmed by the receiver in bankruptcy on or about July 25, 1936.

The plaintiffs contend that the assignment dated December 8, 1936, includes an assignment of the claim of the defendant against the bankrupt estate. The assignment in question was given to secure to the plaintiffs the rent and other obligations due to the plaintiffs under the ground lease entered into with predecessors of the defendant, and recites that the defendant desires that the plaintiffs as assignees take possession of the premises and collect the rents, issues and profits thereof, and all income derived from the operation thereof in order to insure the application thereof to the payment of the ground rent and taxes and the ground rent and taxes which should hereafter accrue and, thereafter, for the benefit of the holders of the bonds secured by the mortgage executed and delivered by the defendant to the Sterling National Bank and Trust Company of New York as trustee.

The assignment recites that the defendant " sells, assigns, transfers and sets over " unto the plaintiffs " all of the rents, issues, profits and income of and from the said premises, past due and now payable, and /or hereafter to accrue or become due from the said premises, or from any part or parts thereof," and the defendant thereby assigned to the plaintiffs " all of the leases, rental agreements and contracts now or hereafter in existence and affecting the said premises and the rents, issues and profits thereof," and agreed to deliver to the plaintiffs upon demand any and all such leases, rental agreements, and contracts with specific assignments of each, and all in satisfactory form.

The present action seeks a judgment declaring the rights and legal relations of the parties with reference to the claim filed in the bankruptcy proceedings and to any sums received therefrom. Plaintiffs also seek to enjoin defendant from disposing of any proceeds, dividends or other payments on the claim. The contention of the defendant that this action is barred because plaintiffs may have other remedies adequate to the situation existing between these parties is not supported by the authorities cited in support of the argument. The controversy here is peculiarly of the type due to the interests of the owners of the bonds secured by the mortgage, which warrants the exercise of discretion by this court and the entertaining of jurisdiction in this action for a declaratory judgment. (*Woollard* v. *Schaffer Stores Co., Inc.*, 272 N. Y. 304, and cases there cited.)

The extremely broad terminology employed in the wording of the assignment as well as the circumstances under which it was given indicates that the parties thereto contemplated that the plaintiffs were to receive all monetary gain derived from the premises. No valid reason is advanced for constricting the meaning of the phrase " rents, issues, profits and income of and from the said premises past due and now payable, and /or hereafter to accrue or become due from the said premises."

Neither is it necessary to be decided with complete finality whether moneys received from the bankruptcy claim in addition to the unpaid rentals for the month of July, 1936, come within the technical meaning of the word " rent " or whether they are strictly " damages." (*Kottler* v. *New York Bargain House, Inc.*, 242 N. Y. 28.) In any event and regardless of what classification is adopted, the assignment is sufficiently broad to include any payments made on the claim.

Proposed findings and conclusions have been passed upon as indicated on the margin. Settle decision and judgment in exact accordance therewith.