ALBERTHA CORPORATION *vs.* MAURICE R. PREISS *et al.*

MAY 11, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This action of assumpsit was tried to a jury in the superior court and at the conclusion of the evidence the trial justice directed a verdict for the plaintiff for $583.46. The defendants thereafter duly prosecuted their bill of exceptions to this court containing an exception to the above ruling and also several other exceptions taken during the trial.

The action was brought to recover the sum of $350, with interest, as the rent of certain premises for one month from January 15, 1935 to February 15, 1935, and also the sum of $60.89, with interest, for electricity furnished the defendants in said premises. The defendants filed no special pleas but relied on the general issue only. The undisputed evidence showed that the plaintiff had leased from the John

N. Mason Real Estate Company, hereinafter referred to as the real estate company, a certain business building in Providence. By a written lease which ran from November 15, 1933 to May 14, 1936, and which was in evidence as an exhibit, the plaintiff sublet to the defendants a certain store in that building.

Under this last-named lease the rent was payable in advance on the fifteenth day of each month. The lease also contained provisions that all electricity used by the defendants in the leased premises might be furnished and billed to them by the plaintiff, and also that the rent was to be paid by them to any company designated by the plaintiff. It is admitted that the defendants occupied the store in question from January 15 to February 15, 1935; that the rent under their lease for that period was $350, payable in advance on January 15; and that such rent has never been paid by them to anyone. Further, they do not question the fact that they used electricity in said store. Neither do they dispute the amount of the charge therefor as embraced in the plaintiff's claim, nor that such charge was up to February 1, 1935 only; and that it has not been paid by them.

The defendants are pressing ten exceptions taken by them to rulings of the trial justice, some admitting certain evidence and the others excluding certain evidence during the trial. We have carefully considered these exceptions, which fall roughly into four groups. We deem it unnecessary to discuss them. In our opinion, they are all without merit and they are, therefore, overruled.

The remaining exceptions relate to the action of the trial justice in directing a verdict for the plaintiff. On this point the defendants' contention, in substance, is that the plaintiff surrendered the lease which it had received from the real estate company; that, therefore, all its rights against the defendants under its own lease to them terminated;

and that they were not liable to the plaintiff for the amount of the rent or the charge for electricity.

One of the defendants testified that early in February 1935 an officer of the plaintiff corporation, who was dead at the time of the trial of this case, told the witness that the plaintiff desired them to vacate the store so that the entire premises could be leased to another. This officer also allegedly stated at the above-mentioned time that if they did not vacate the store the plaintiff would surrender its own lease of the building to its lessor, the real estate company, and that the latter would then order the defendants out of the premises. However, they did not vacate the store, which they had leased as aforesaid from the plaintiff. According to the testimony of the said witness she was thereafter informed by the officer that the plaintiff had surrendered, on February 6, 1935, the lease it had from its lessor, and had no further interest in the property.

As we are now passing upon the correctness of the ruling of the trial justice in directing a verdict for the plaintiff, we are called upon to consider the evidence in the case from the point of view most favorable to the defendants' contentions. Assuming, therefore, that the plaintiff had surrendered, on February 6, 1935, its own lease from the real estate company, we are, nevertheless, of the opinion that such surrender, under all the facts and circumstances appearing herein, constituted no valid defense to this action; that there was no material question of fact to be submitted to the jury; and that the trial justice committed no error in directing the verdict in respect to the rent in dispute.

In this case the rent sued for by the plaintiff was due and payable on January 15, 1935, at which date the lease between the parties was admittedly in full force and effect. This rent has never been paid. The alleged surrender by the plaintiff of its own lease from the real estate company was not made until February 6, 1935. Under these circumstances the plaintiff is entitled to recover from the defendants the

rent which was payable in advance on January 15, 1935 according to the provisions of their lease and which, therefore, had accrued before the plaintiff had allegedly surrendered its own lease. In an action of assumpsit for rent it has been held that rent payable in advance is considered as accruing on the day on which it is due. *Lott* v. *Chaffee,* 46 R. I. 242.

The case of *Kottler* v. *New York Bargain House, Inc.,* 242 N. Y. 28, resembles the instant case on the point now being considered. There the surrender took place after rent sued for had accrued and during the period for which part of that rent was payable. The plaintiff was also seeking to recover rent which had accrued after such surrender. In that case the court held that the plaintiff, after surrendering his own lease, had no longer a cause of action against the defendant, his sublessee, for rent subsequently accruing, but that a finding that he was entitled to recover the rent which had accrued prior to the surrender was proper.

In respect to the charge for electricity which had been furnished up to February 1, 1935 only, the defendants' contention that, because the charge was made in the name of the G. L. Corporation, the plaintiff is not entitled to recover therefor is without merit. The undisputed evidence showed that prior to the period involved in this case the plaintiff had, under the sublease in question, designated the G. L. Corporation as its nominee to receive the rent due from the defendants and also had appointed said corporation its agent for the collection and handling of any moneys due it in relation to the premises rented to the defendants. It is clear, therefore, that the G. L. Corporation was not acting for itself in this matter but was merely the agent of the plaintiff.

We find, therefore, that the trial justice ruled correctly in directing a verdict for the plaintiff for the amount of its claim.

All of the defendants' exceptions are overruled, and the

case is remitted to the superior court for the entry of judgment for the plaintiff on the verdict as directed.

*Max Winograd, William J. Carlos,* for plaintiff.
*Frank H. Wildes, Charles R. Easton,* for defendants.